■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROGER CHAMPEN, Respondent, v NEW YORK STATE BOARD OF PAROLE et al., Appellants.—In a habeas corpus proceeding, the appeal is from a judgment of the Supreme Court, Westchester County (Gurahian, J.), entered August 27, 1986, which restored the petitioner to parole status.

Ordered that the judgment is reversed, on the law and the facts, without costs or disbursements, the determination of the New York State Board of Parole revoking the petitioner's parole is reinstated, and the petitioner is directed to surrender himself to the Superintendent of the Sing Sing Correctional Facility.

On July 12, 1985, the New York State Board of Parole made a final determination revoking the petitioner's parole and directing his return to State custody for one year before he could be reconsidered for release. The petitioner was duly notified of the determination and perfected his appeal to the Parole Board on August 28, 1985. The Parole Board did not render its decision denying the appeal for seven months. Although the petitioner was incarcerated during the entire period, he did not begin serving the one-year term for violating his parole until February 6, 1986. Until that date, he was incarcerated in a local facility on an unrelated charge resulting in a definite sentence of one-year incarceration. This fact was unknown at the time of the habeas corpus proceeding.

While there is no statute setting a time limit for the determination of appeals by the Parole Board, considerations of due process mandate that an appeal be heard within a "reasonable time" *(People ex rel. Knowles v Smith,* 54 NY2d 259, 265). Under the circumstances of this case, the seven-

month delay was not unreasonable and did not deprive the petitioner of due process of law. Although the petitioner was not obligated to prove prejudice, the presence or absence of prejudice is a relevant consideration. In this case, the petitioner served only 2½ months of the one-year sentence before the appeal was decided. Thus, contrary to the Supreme Court's finding, he was not effectively deprived of his right to appeal. The petitioner does not challenge the length of incarceration imposed upon the violation of parole. Moreover, the record indicates that some action was taken on the petitioner's appeal during the seven months it was pending in that on March 7, 1986, the Appeals Unit of the Division of Parole sent its findings to the petitioner and, on March 25, 1986, the petitioner forwarded his objections to those findings. Under these circumstances, there was no violation of due process. Mangano, J. P., Brown, Lawrence and Spatt, JJ., concur.