OPINION OF THE COURT
Howard Miller, J.
Motion by petitioner for an order releasing petitioner to parole; vacating the May 9, 1990 Parole Board decision; and directing a parole hearing. Cross motion by respondent for a dismissal of the petition.
It is ordered that the motion is disposed of as follows.
*24 Petitioner seeks to vacate the May 9, 1990 decision of the respondent and be restored to parole status upon the grounds that the respondent has failed to render a decision on his appeal of the May 9, 1990 order since November 30, 1990. Although petitioner alleges that respondent has not complied with 9 NYCRR 8005.20 (f), that section relates to notification of the results of a violation hearing, and not an appeal decision, which is governed by 9 NYCRR 8006.4.
Respondent does not challenge petitioner’s allegation that no decision has been rendered on his administrative appeal, which was filed nearly nine months ago. Respondent’s procedures are governed by section 259-i of the Executive Law, which contains numerous time constraints for the conduct of the Board’s work. Not among those time constraints, however, is any fixed period within which a decision on a parole appeal must be rendered. Rather, the statute leaves it to the Board to determine the time in which an appeal must be resolved in its rules and regulations (Executive Law § 259-i [4] [a]). The Board has enacted 9 NYCRR 8006.4, governing the disposition of appeals, without establishing a time period, other than to provide that if a decision is not issued within four months from the date of receipt of the appeal, an appellant may seek judicial review and the defense of exhaustion of administrative remedies by the Board is precluded.
Nevertheless, construing Executive Law § 259-i as a whole, it is clear that the Legislature intended that the parole process be conducted without unreasonable delay and that appeal decisions not be left to languish indefinitely. While the court is aware of the decision in People ex rel. Champen v New York State Bd. of Parole (134 AD2d 388), wherein the court held a delay of seven months between the hearing and the decision was not unreasonable, the facts of that case are not extant here. Respondent offers no reason whatsoever for the delay in this case.
The court finds that the failure of the respondent to decide and notify petitioner of the results of his appeal filed November 30, 1990 constitutes an unreasonable delay. Petitioner’s relief, however, is not to be restored to parole status, but rather a judgment directing the Board to perform fully its statutory obligations (Matter of Greene v Smith, 52 AD2d 292, appeal dismissed 40 NY2d 826).
*25 Respondent is directed to render a decision on petitioner’s administrative appeal and provide petitioner and his counsel with a copy thereof within 14 days of service upon respondent of a copy of this order with notice of entry.