■ In the Matter of ROBERT F. GRAHAM, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, et al., Respondents.—Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's request for ordinary disability retirement benefits.

There is substantial evidence in the record to support the conclusion by respondent Comptroller that petitioner failed to sustain his burden of proving that he was permanently incapacitated from performing his job duties as a maintenance helper *(see, Matter of Rovegno v Regan,* 103 AD2d 877). The expert medical testimony was conflicting as to petitioner's diagnosis, treatment and prognosis. It was for the Comptroller to evaluate the differing opinions and he could accord more weight to the testimony of one medical expert over another *(see, Matter of McGrath v Regan,* 109 AD2d 1007). We also reject petitioner's contention that his due process rights were violated due to the lapse of time between the conclusion of the administrative hearing (Oct. 25, 1989) and the issuance of the determination (May 20, 1991). There is no statute setting a time limitation within which a determination must be issued following the close of a hearing and the record fails to show that the delay was willful or unreasonable as a matter of law *(see, Matter of Jahn v Division of Hous. & Community Re-*

*newal,* 140 AD2d 193). There is also no evidence that petitioner sustained any prejudice due to the delay *(see, Matter of Lawrence v New York State Liq. Auth.,* 154 AD2d 909; *see also, People ex rel. Champen v New York State Bd. of Parole,* 134 AD2d 388). Petitioner's remaining contentions have been considered and rejected for lack of merit.

Mikoll, J. P., Levine, Mercure, Mahoney and Casey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.