■ In the Matter of GEORGE VLADICK, Petitioner, v H. CARL McCALL, as New York State Comptroller, Respondent. [675 NYS2d 439] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

Petitioner, a working supervisor who cared for mentally retarded and emotionally disturbed patients, applied for accidental disability retirement benefits in connection with four incidents that occurred while he was assisting patients. Respondent denied the application on the ground that the incidents did not constitute "accidents" within the meaning of Retirement and Social Security Law § 63. We confirm. An "accident" is a sudden and fortuitous happening which does not result from an event that may be expected to occur in the performance of ordinary employment duties (*see, Matter of Talerico v McCall*, 239 AD2d 863, 863-864). Here, three of the incidents giving rise to the claim for benefits occurred when patients

physically resisted petitioner's care. The remaining incident occurred when petitioner was attempting to steady a falling patient. Inasmuch as petitioner was performing his ordinary employment duties when the patient began to fall and often experienced physical resistance from his patients, substantial evidence supports respondent's determination that petitioner did not suffer an "accident" within the meaning of the Retirement and Social Security Law (*see, Matter of Mangonon v Regan*, 203 AD2d 874; *Matter of Esposito v Regan*, 162 AD2d 870; *Matter of Deos v Levitt*, 62 AD2d 1121).

Cardona, P. J., Mikoll, Crew III, White and Yesawich Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.