■ In the Matter of DAVID L. SLAYTON, Petitioner, v NEW YORK STATE AND LOCAL RETIREMENT SYSTEM et al., Respondents. [731 NYS2d 823] —Crew III, J. P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's applications for disability and performance of duty disability retirement benefits.

In 1997 petitioner, a former correction officer, filed applications for disability retirement benefits (Retirement and Social Security Law § 507-a) and performance of duty disability retirement benefits (Retirement and Social Security Law § 507-b) alleging that he was permanently disabled as the result of certain accidents occurring between July 1987 and October 1994 during the performance of his duties. Such applications were disapproved in July 1998 based upon a finding that petitioner was not permanently incapacitated from the performance of his duties and, further, that four of the five accidents alleged were not caused by any person under the jurisdiction of the Department of Correctional Services or the Office of Mental Health. Following a hearing, at which petitioner elected to proceed *pro se* and rely upon documentary evidence, the Hearing Officer denied petitioner's applications, concluding that petitioner failed to establish that he was permanently incapacitated from the performance of his duties as a correction officer. Respondent Comptroller agreed, prompting petitioner to commence this proceeding pursuant to CPLR article 78 to review the Comptroller's determination.

As a starting point, we reject petitioner's assertion that he was denied due process because the Hearing Officer failed to grant him an adjournment in order to obtain counsel. A review

of the hearing transcript reveals that petitioner indeed was offered an adjournment in order to obtain counsel, or at least confer with an attorney before proceeding, which petitioner declined, stating that he would proceed *pro se* with "God [as his] co-counsel." Having elected to so proceed, petitioner cannot now be heard to complain.

Turning to the merits, the record reveals that petitioner, who apparently suffers from various ailments, based his applications for benefits solely upon the injuries sustained to his lower back. In this regard, the physician who testified on behalf of respondent New York State and Local Retirement System opined that petitioner suffered only from a lumbar strain and, hence, was not permanently incapacitated from the performance of his duties as a correction officer. Although certain of the documentary evidence relied upon by petitioner supports a contrary conclusion, this conflict in the medical evidence presented a factual issue for the Comptroller to resolve (*see, Matter of Capers v New York State & Local Retirement Sys.*, 278 AD2d 686, 687; *Matter of Harper v McCall*, 277 AD2d 589, 590). As the underlying determination is supported by substantial evidence in the record as a whole, it will not be disturbed.

Peters, Mugglin, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, and petition dismissed, without costs.