■ In the Matter of RONALD STALEY, Petitioner, v NEW YORK STATE AND LOCAL RETIREMENT SYSTEMS, Respondent. [736 NYS2d 723] —Cardona, P.J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Comptroller which denied petitioner's applications for accidental and ordinary disability retirement benefits.

In April 1996, petitioner applied for accidental and ordinary disability retirement benefits, claiming disablement from his employment as a developmental aide at a hospital due to lower back problems as a result of two incidents occurring at work. On January 26, 1995, while unloading a wheelchair from a bus, petitioner felt a strain on his back. On April 6, 1995, petitioner felt severe pain in his leg and back after a patient ran into his extended right arm, turning his body to the right. An MRI showed that petitioner had a herniated disc and, as a result, had back surgery in September 1995 to, inter alia, remove that disc. Petitioner did not return to work thereafter. Following the disapproval of petitioner's disability retirement

applications, a hearing was held. The Hearing Officer denied petitioner's applications and the Comptroller issued a determination concluding that petitioner had not suffered an "accident" within the meaning of Retirement and Social Security Law § 63. The decision also held that petitioner did not prove that he was permanently incapacitated from the performance of his employment duties.* This proceeding ensued.

Initially, we find unpersuasive petitioner's claims that he was denied a fair hearing. For example, contrary to petitioner's argument, the Comptroller's failure in his decision to mention the report of the orthopedic surgeon who examined petitioner at respondent's request in August 1995 does not establish a breach of his duty to evaluate all relevant evidence since the report was received into evidence (*see, Matter of Rios v State Liq. Auth.*, 32 AD2d 995, 996). In addition, the admission into evidence of the hearsay report of the nontestifying neurosurgeon who performed petitioner's back surgery was not error here for, although petitioner did not call this witness in his direct case, he, nevertheless, "opened the door" by questioning respondent's medical expert about excerpts from the report upon cross-examination. Therefore, it was not inappropriate for the Hearing Officer to grant respondent's request to admit the entire report (*see generally, Chabica v Schneider*, 213 AD2d 579), nor has petitioner demonstrated prejudice by the denial of his request to call the surgeon as a witness at the close of respondent's proof. As for petitioner's complaint regarding the 18-month delay between the Hearing Officer's receipt of the parties' memoranda of law and the issuance of a determination, the record fails to show that this inordinate delay was willful or unreasonable as a matter of law, nor has petitioner shown prejudice (*see, Matter of Graham v Regan*, 187 AD2d 866, 866-867). Any further procedural irregularities have been reviewed and found to be without merit.

Turning to the denial of petitioner's application for accidental disability retirement benefits, we find that substantial evidence supports the Comptroller's determination. "An 'accident' is a sudden, fortuitous, out of the ordinary and unexpected event that does not result from an activity undertaken in the performance of regular or routine employment duties * * *"

---

* We note that although the Hearing Officer dismissed petitioner's application for ordinary disability retirement benefits due to his alleged failure to present objective medical evidence, a standard we have previously found to be inappropriate (*see, e.g., Matter of Palmer v McCall*, 288 AD2d 680), the Comptroller, in his superceding decision, properly addressed the issue of conflicting medical expert testimony in the findings of fact and conclusions of law.

(*Matter of Dzwielewski v McCall*, 277 AD2d 622, 622 [citation omitted]). Therefore, an injury cannot be defined as accident unless it results from an event not ordinarily contemplated in the context of the worker's employment (*see, id.*, at 622).

Here, petitioner relies upon the April 6, 1995 incident when a patient ran into his arm while he was trying to stop him from running into another patient. Notably, this incident occurred while petitioner was watching the patient "one on one," a routine employment duty. According to the job description for the developmental aide position, petitioner was expected to "control and restrain violent or hyperactive individuals" in his care and to use "approved physical intervention techniques" to respond to patients' behavioral problems. Petitioner acknowledged that his employment duties had included restraining patients so as to avoid injury to others, and that "lots" of injuries resulted from this type of work, including broken arms, lost teeth and back problems. Petitioner's own testimony established that neither the patient's act of running into petitioner's arm nor the resulting injury to petitioner may be characterized as unexpected or out of the ordinary (*see, id.*; *Matter of Vladick v McCall*, 252 AD2d 729). Under these circumstances, we find no reason to disturb the Comptroller's determination regarding this application.

Petitioner also challenges the Comptroller's determination that petitioner failed to prove that he was permanently incapacitated from performing his employment duties and, therefore, was not entitled to ordinary disability retirement benefits. The crux of petitioner's argument is that the Comptroller erred in accepting the testimony of respondent's orthopedic expert rather than that of, among others, his treating orthopedist who opined that petitioner has a "marked permanent disability" that prevented him from performing his former employment duties. Respondent's expert disagreed, noting, inter alia, that although petitioner's postoperative MRI indicated some thickening of the joint at the L4-5 level, "the narrowing was not sufficient to impinge upon the nerve roots." Along with reviewing petitioner's medical history and records, respondent's expert also reviewed petitioner's job description as a developmental aide before restating his opinion that petitioner was not incapacitated from the performance of his duties.

Notably, "[w]here, as here, respondent's expert provides an articulated, rational and fact-based opinion, founded upon a physical examination and review of relevant medical reports, the expert's opinion generally will not be considered so lacking in foundation or rationality as to preclude the Comptroller

from exercising the authority to evaluate conflicting medical opinion" (*Matter of Fullone v New York State & Local Empls. Retirement Sys.*, 286 AD2d 831, 832). While there is no question that certain of the proof presented by petitioner supports a contrary determination, this conflict in opinions, as well as petitioner's criticisms of respondent's expert, presented a factual issue for the Comptroller to resolve (*see, Matter of Seon Sook Park v McCall*, 288 AD2d 603, 604; *Matter of Slayton v New York State & Local Retirement Sys.*, 288 AD2d 509, 510; *Matter of Shisler v New York State Employees' Retirement Sys.*, 288 AD2d 526, 527). Since the determination denying petitioner's application for ordinary disability retirement benefits is also supported by substantial evidence, it will not be disturbed.

The remaining arguments raised by petitioner and not specifically addressed herein have been examined and found to be unpersuasive.

Peters, Spain, Mugglin and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.