■ In the Matter of RANDIE WOODS, Petitioner, v H. CARL McCALL, as State Comptroller, et al., Respondents. [658 NYS2d 537] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for accidental disability retirement benefits.

Petitioner, a correction officer at Great Meadow Correctional Facility in Washington County, was removing a prison inmate from his cell when the automatic cell gate stuck and did not open. Petitioner sustained a back injury while pulling on the cell gate in an attempt to open it. His subsequent application for accidental disability retirement benefits was denied on the grounds that his back injury was caused by his physical exertion and emanated from a risk inherent in his duties and, therefore, was not caused by an accident within the meaning of Retirement and Social Security Law § 605. As the record establishes that petitioner made the voluntary decision to pull on the gate in response to the malfunction of the automatic gate release, thereby precipitating his injury, we find that substantial evidence supports the determination that the injury to petitioner's back did not constitute an accident (*see, Matter of Caramante v Regan*, 129 AD2d 850, 851-852, *lv denied* 69 NY2d 611; *cf., Matter of Leuenberger v McCall*, 235 AD2d 906, 907).

Mikoll, J. P., Mercure, White, Spain and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.