■ In the Matter of TONI TUPER, Petitioner, v H. CARL MC-CALL, as New York State Comptroller, Respondent. [687 NYS2d 756] —Yesawich Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

Petitioner, a correction officer at Bedford Hills Correctional Facility in Westchester County, applied for accidental disability retirement benefits in August 1995 for injuries she sustained in three separate incidents. After a hearing petitioner's application was denied because none of the incidents were found to have constituted an accident within the meaning of Retirement and Social Security Law § 507-a (b) (3). This proceeding ensued.

Without 10 years of service to her credit when she applied for disability retirement benefits, petitioner bore the burden of demonstrating that her incapacitation was the product of an accident (see, Matter of Biondi v McCall, 239 AD2d 837, 838), which has been defined as "a 'sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact'" (Matter of Lichtenstein v Board of Trustees, 57 NY2d 1010, 1012, quoting Johnson Corp. v Indemnity Ins. Co., 6 AD2d 97, 100, affd 7 NY2d 222). "[A]n injury that occurs without an unexpected event, as the result of activity undertaken in the performance of ordinary employment duties (considered in view of the particular employment in question) is not an accidental injury" (Matter of Cadiz v McCall, 236 AD2d 766).

Petitioner testified that in December 1993, while assigned to supervise inmates, she slipped and fell on a wet floor that an inmate had just mopped. Inasmuch as a wet floor would

ordinarily be anticipated in the context of petitioner's supervision of the mopping detail, respondent could rationally conclude that petitioner's slip on the wet surface was not an accident (*see, Matter of Keller v Regan,* 212 AD2d 856, 858-859; *Matter of Covel v New York State Employees' Retirement Sys.,* 84 AD2d 902, *lv denied* 55 NY2d 606).

The second incident occurred in March 1994 when petitioner fell on a stairway. According to petitioner the building to which she was assigned had been condemned and the stairs moved up and down when in use. She testified that, prior to her fall, she had observed chunks of rubber which had broken off the stairs. Petitioner was unable, however, to attribute her fall to any of the defects and conceded that she was unsure of the exact cause of her fall. In these circumstances, respondent could rationally conclude that petitioner's fall was the result of her own misstep and did not constitute an accident (*compare, Matter of Hetzler v New York State & Local Retirement Sys.,* 232 AD2d 946, *with Matter of Balduzzi v McCall,* 220 AD2d 796).

In December 1994, while on light-duty status, petitioner was directed to run with a medical bag to the scene of a medical emergency. According to petitioner, running caused her knee to become swollen. Respondent could rationally conclude that this third incident did not constitute an accident because the injury was the result of the risk of "exertional injury" inherent in the activity which petitioner was expected to perform in the ordinary course of her employment (*see, Matter of Lopez v Mc-Call,* 236 AD2d 690, 691).

As respondent's determination that none of the incidents constitutes an accident within the meaning of the Retirement and Social Security Law is supported by substantial evidence, the determination must be confirmed.

Cardona, P. J., Crew III, Spain and Graffeo, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.