■ In the Matter of BRIAN O'KEEFE, Petitioner, v H. CARL McCALL, as Comptroller of the State of New York and Administrator of the New York State and Local Police and Fire Retirement System, Respondent. [731 NYS2d 793] —Lahtinen, J. Proceeding pursuant to CPLR article 78 (transferred to this

Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

Petitioner, a desk officer for the Nassau County Police Department, filed an application for accidental disability retirement benefits alleging that he was injured in the course of his duties as a result of an accident occurring on June 6, 1992. The application was denied by respondent on the basis that the incident which caused injury to petitioner did not constitute an "accident" under the Retirement and Social Security Law. This CPLR article 78 proceeding ensued.

An injury is "accidental" if it results from "a sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact" (*Johnson Corp. v Indemnity Ins. Co.*, 6 AD2d 97, 100, *affd* 7 NY2d 222) unrelated to the ordinary risks of employment (*see, Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N. Y., Art. II*, 57 NY2d 1010, 1012). The record establishes that petitioner was injured when he attempted to sit down at his desk and his "left knee struck * * * the safe which was under the desk" and "the impact caused [him] to jerk backward" and "to stand quickly and * * * twist[ ] [his] left leg at the knee." While testimony established that the safe recently had been moved under the desk, it could not be determined exactly when it had been placed there. Although petitioner testified that, during his shift, he was in the area of his desk at various points prior to the incident, he claimed that he did not sit down at the desk nor did he notice the location of the safe. The portion of the injury report filled out by petitioner, however, states that "upon returning to the chair" he struck his knee on the hinge of the safe while attempting to move the chair in and sit down.

Respondent is vested with the authority to evaluate any inconsistencies between the testimony and written reports and determine issues of credibility (*see, Matter of Farruggio v McCall*, 222 AD2d 925, 926; *Matter of Edwards v New York State & Local Employees' Retirement Sys.*, 165 AD2d 972, *lv denied* 77 NY2d 802). Given the inconsistency between petitioner's testimony and the statements in the injury report, which made no mention of the fact that he was unaware that the safe had been moved under the desk, substantial evidence supports the determination denying petitioner's request for accidental disability retirement benefits notwithstanding that the record could arguably support a contrary conclusion (*see, Matter of Spencer v New York State & Local Employees' Retirement Sys.*, 220 AD2d 792).

Crew III, J. P., Peters, Mugglin and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.