■ In the Matter of ANTHONY B. ARCURI, Appellant, v NEW YORK STATE AND LOCAL RETIREMENT SYSTEMS, Respondent. [738 NYS2d 106] —Rose, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the

Comptroller which denied petitioner's applications for accidental and performance of duty disability retirement benefits.

Petitioner, a correction officer, applied for accidental and performance of duty disability retirement benefits for an injury he sustained while supervising prison inmates. After respondent found the occurrence to be neither an "accident" nor a result of the acts of an inmate (*see, Retirement and Social Security Law* §§ 507-a, 507-b), petitioner requested a hearing and redetermination. The Hearing Officer confirmed petitioner's ineligibility, but found him entitled to lesser benefits under Retirement and Social Security Law § 507-a. The Comptroller upheld this decision and this CPLR article 78 proceeding ensued.

An injury is "accidental" if it results from "a sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact" (*Arthur A. Johnson Corp. v Indemnity Ins. Co. of N. Am.*, 6 AD2d 97, 100, *affd* 7 NY2d 222) and is unrelated to the ordinary risks of employment (*see, Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II*, 57 NY2d 1010, 1012; *Matter of Tuper v McCall*, 259 AD2d 941, 941). The record here establishes that petitioner's injury occurred in the course of his supervision of the movement of supplies, which was a regular though infrequent part of his duties, when a door was allowed to close by means of a self-closing mechanism and struck his wrist. As the door's closing was a normal and foreseeable result of the process of opening it and moving supplies through it, there is substantial evidence supporting the Comptroller's determination that the injury was a result of petitioner's own inattention or misstep rather than a sudden, fortuitous and unexpected event (*see, Michalczyk v New York State & Local Retirement Sys.*, 286 AD2d 852, 853; *Matter of Dean v McCall*, 270 AD2d 625).

There is also substantial evidence supporting the denial of performance of duty disability retirement benefits based on petitioner's failure to show that the acts of an inmate proximately caused his injury. The Comptroller is vested with the authority to evaluate any inconsistencies between hearing testimony and written reports, and decide issues of credibility (*see, Matter of Farruggio v McCall*, 222 AD2d 925, 926; *Matter of Edwards v New York State & Local Employees' Retirement Sys.*, 165 AD2d 972, *lv denied* 77 NY2d 802). Given the inconsistency here between petitioner's testimony and the statements in his accident report and application for benefits, which indicated that he had been holding the door open and did not claim that an inmate had released the door, substantial evi-

dence supports the denial of enhanced benefits notwithstanding that petitioner's testimony could support a contrary conclusion (*see, Matter of Spencer v New York State & Local Employees' Retirement Sys.*, 220 AD2d 792, 795).

Finally, we find petitioner's procedural objections to be without merit. The record is devoid of any evidence of an improper ex parte communication in violation of State Administrative Procedure Act § 307 (2), and the Comptroller's disapproval of accidental disability retirement benefits did not deprive petitioner of due process since he was timely informed of his right to a hearing.

Mercure, J.P., Peters, Mugglin and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.