■ In the Matter of ROBERT JONIGAN, Petitioner, v H. CARL MCCALL, as New York State Comptroller, Respondent. [738 NYS2d 717] —Mugglin, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

Petitioner's sole argument is that the Comptroller's denial of his application for accidental disability retirement benefits was affected by an error of law. Specifically, petitioner asserts that his slip and fall in a prison corridor was an accident as a matter of law.

For purposes of accidental retirement disability, an accident is a " 'sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact' " (*Matter of Lichtenstein v Board of Trustees*, 57 NY2d 1010, 1012, quoting *Johnson Corp. v Indemnity Ins. Co. of N. Am.*, 6 AD2d 97, 100, *affd* 7 NY2d 222). To determine whether a petitioner has sustained an accidental injury, the focus must be on "the precipitating cause of injury" and not on "the petitioner's job assignment" (*Matter of McCambridge v McGuire*, 62 NY2d 563, 567). "To be distinguished are injuries sustained while performing routine duties but not resulting from unexpected events * * * " (*id.* at 568 [citations omitted]). "It is critical to the determination * * * that there was a precipitating accidental event * * * which was not a risk of the work performed * * * " (*id.*, at 568 [citation omitted]).

Here, petitioner was doing security patrol in a cell block where he was not normally assigned. While he may have worked in that cell block on one prior occasion, he had never been in the particular corridor where he fell. Nevertheless, he testified that he had done similar security patrol work in cell blocks with an identical design. He knew that the cells were along one wall. On the opposite wall was a shower area that contained a drain and shower area was separated from the corridor by a plastic curtain. Petitioner further testified that he knew if the prisoners failed to close the curtain, the corridor floor could be wet. Petitioner further testified that he knew the prisoners were responsible for cleaning the corridor before they were locked in and he fell after the lock in had occurred.

Applying the forgoing principles to these facts leads to our conclusion that petitioner did not sustain an accident as a mat-

ter of law. Petitioner was familiar with the design of these cell blocks. He was required to traverse the corridor as part of his work performance and knew of the possibility that the floor would be wet in the shower area. Under these circumstances, "the hazard posed * * * was one that petitioner could readily anticipate * * * and, therefore, respondent could rationally conclude that petitioner's fall did not result from an unexpected event and was not an accident" (*Matter of Mariuz v McCall*, 282 AD2d 918, 919, *lv denied* 96 NY2d 720).

Peters, J.P., Spain, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.