■ In the Matter of FRANK A. KORDES, Petitioner, v H. CARL McCALL, as State Comptroller, Respondent. [740 NYS2d 657] —Rose, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

Petitioner, a town highway department employee, filed an

---

application for accidental disability retirement benefits based upon injuries alleged to have been sustained in two separate incidents. After a hearing, respondent concluded that neither incident was an accident within the meaning of the Retirement and Social Security Law and denied the application. Our review of the record discloses that, contrary to petitioner's claim, the determination is supported by substantial evidence.

With regard to the first incident, the accident report filed by petitioner stated that, as he was exiting a payloader, he missed the last step and fell. His accidental disability retirement application contained a similar description. Petitioner contends that photographs in the record show that the steps of the payloader were in a poorly maintained condition, but there is nothing in the record to support his further claim that the poor condition of the steps "precipitated" his injury. Neither the documents which described the incident nor petitioner's testimony make any mention of a defect in the steps or contain anything to suggest that the poor condition of the steps caused petitioner to miss the last step. Accordingly, petitioner failed to establish that the fall was caused by anything other than his own misstep and, therefore, there is no basis to disturb respondent's conclusion that the incident was not an accident (*compare, Matter of Hetzler v New York State & Local Retirement Sys.*, 232 AD2d 946, *and Matter of Klug v McCall*, 224 AD2d 818, *with Matter of Balduzzi v McCall*, 220 AD2d 796). With regard to the second incident, which involved a stump grinder, petitioner failed to demonstrate that the alleged injury was the result of anything other than a risk inherent in the nature of the work that he ordinarily performed as part of his duties (*see, Matter of Woods v McCall*, 240 AD2d 839, *lv denied* 90 NY2d 808; *Matter of Lopez v McCall*, 236 AD2d 690).

Cardona, P.J., Mercure, Carpinello and Mugglin, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.