█ In the Matter of PATRICK M. MRUCZEK, Petitioner, v H. CARL MCCALL, as Comptroller of the State of New York, et al., Respondents. [750 NYS2d 159] —Kane, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's applications for accidental disability retirement benefits and performance of duty disability retirement benefits.

Petitioner, a correction officer at Attica Correctional Facility in Wyoming County, applied for accidental and performance of duty disability retirement benefits for an injury he sustained when he fell over a feed-up cart as he went to remove his lunch from a microwave oven. After a hearing, petitioner's applications were denied because the occurrence was found not to be either an accident or a result of the acts of an inmate (*see* Retirement and Social Security Law §§ 507-a, 507-b). Respondent Comptroller upheld this decision and this CPLR article 78 proceeding ensued.

Initially, in order for an injury to be considered accidental within the meaning of the Retirement and Social Security Law, it must "result[ ] from a 'sudden, fortuitous mischance, unexpected, out of the ordinary and injurious in impact' and [be] unrelated to the ordinary risks of employment" (*Matter of Arcuri v New York State & Local Retirement Sys.*, 291 AD2d 621, 622, quoting *Arthur A. Johnson Corp. v Indemnity Ins. Co. of N. Am.*, 6 AD2d 97, 100, *affd* 7 NY2d 222 [citations omitted]; *see Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II*, 57 NY2d 1010, 1012). " '[A]n injury that occurs without an unexpected

event, as the result of an activity undertaken in the performance of ordinary employment duties (considered in view of the particular employment in question) is not an accidental injury' " (*Matter of Tuper v McCall*, 259 AD2d 941, 941, quoting *Matter of Cadiz v McCall*, 236 AD2d 766, 766; *see Matter of Jonigan v McCall*, 291 AD2d 766, 766).

Petitioner testified that he went to the area outside the hall captain's desk, as he customarily did, to heat his dinner in the microwave oven. He was conversing with the hall captain when he heard the bell on the microwave oven. Turning around to retrieve his meal, he fell over a feed-up cart which allegedly had been placed behind him by an inmate. Petitioner further testified that it was normal for inmates to use the feed-up carts and that it was not uncommon to see the carts in the block area in which the accident occurred.

Under these circumstances, the Comptroller could rationally conclude that petitioner's injury occurred as a result of his misstep while he was engaged in a routine activity rather than a sudden, fortuitous and unexpected event (*see Matter of Dean v McCall*, 270 AD2d 625, 625). We find that substantial evidence supports the Comptroller's determination that petitioner was not entitled to accidental disability retirement benefits because his injury did not result from an accident within the meaning of the Retirement and Social Security Law.

Similarly, the proof presented provides substantial evidence supporting the Comptroller's finding that petitioner's injury was not proximately caused by the act of an inmate under Retirement and Social Security Law § 507-b. At the hearing, petitioner indicated that an inmate placed the feed-up cart behind him, but was unable to identify the inmate. He further testified that he did not hear the cart being wheeled behind him nor did the hall captain to whom he was speaking warn him of its presence. Significantly, a correction officer who witnessed the incident did not mention an inmate in his written statement. Finally, petitioner testified that to his knowledge, no inmate was ever identified or disciplined as a result of this event. Under the circumstances, the Comptroller found petitioner's version of the events not credible. Since the Comptroller is vested with the authority to assess witness credibility (*see Matter of Jonigan v McCall*, 291 AD2d 766, *supra*), we find no reason to disturb his determination.

Finally, we find petitioner's procedural due process argument to be without merit. There is no statutorily-prescribed time period within which a determination must be issued (*see Matter of Graham v Regan*, 187 AD2d 866, 866-867). The rec-

ord fails to show that the approximately two-year delay between the close of the administrative hearing and the determination was "willful or unreasonable as a matter of law, nor has petitioner shown prejudice" (*Matter of Staley v New York State & Local Retirement Sys.*, 290 AD2d 721, 722; *Matter of Graham v Regan, supra* at 866-867).

Cardona, P.J., Mugglin, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.