■ In the Matter of GORDON F. STEVENS, Petitioner, v NEW YORK STATE COMPTROLLER et al., Respondents. [750 NYS2d 157] —Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for accidental disability retirement benefits.

Petitioner worked for the Nassau County Police Department as the commanding officer of the Marine Aviation Bureau (hereinafter Bureau). On May 25, 1997, he was assisting other officers in launching a 36-foot patrol vessel weighing 30,000 pounds when he injured his right arm and elbow. Thereafter, he filed an application for accidental disability retirement benefits. His application was denied on the basis that he did not sustain an "accident" within the meaning of Retirement and Social Security Law § 363. Following a hearing and redetermination, respondent Comptroller upheld the denial. This CPLR article 78 proceeding ensued.

We confirm. For purposes of the Retirement and Social Security Law, an accident has been defined as a " 'sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact' " (*Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II*, 57 NY2d 1010, 1012, quoting *Johnson Corp. v Indemnity Ins. Co. of N. Am.*, 6 AD2d 97, 100, *affd* 7 NY2d 222; *see Matter of O'Keefe v McCall*, 287 AD2d 921, 922). "Crucial to the finding of an accident * * * is 'a precipitating accidental event * * * which was not a risk of the work performed' " (*Matter of Penkalski v McCall*, 292 AD2d 735, 736, quoting *Matter of McCambridge v McGuire*, 62 NY2d 563, 567-568). Indeed, "[a]n injury emanating from risks inherent in an employee's regular duties * * * or 'sustained while performing routine duties but not resulting from unexpected events' * * * is not accidental" (*Matter of Johnson v New York State Employees' Retirement Sys.*, 151 AD2d 915, 916 [citations omitted]; *see Matter of Tuper v McCall*, 259 AD2d 941, 941).

In the case at hand, petitioner described the incident giving

rise to his injuries in detail. He stated that because it was Memorial Day weekend, it was imperative to get the vessel, which had undergone repairs, into the water for patrol. He indicated that the boat needed to be launched immediately to take advantage of the high tide. He testified that the boat was to be launched by use of a travel car which carried the boat on rails from the repair shop to the water and that this task had to be done manually, requiring the assistance of all personnel. Petitioner explained that he was in the process of using a pry bar to lift the front support beam of the travel car while other officers backed the travel car out of the repair shop when the travel car lurched causing his pry bar to loosen and him to fall to the side, injuring his right arm and elbow. According to petitioner, this was not a task he normally performed and he had never before participated in launching a boat. Nevertheless, he stated that his job was to "make sure everything [got] done" and indicated that, because of the urgency of the situation, he physically assisted in launching the boat. Notably, a former commanding officer of the Bureau testified that it was the responsibility of the commanding officer to see to it that all functions of the Bureau were accomplished and this included physically assisting in the performance of certain tasks if necessary to fulfill this responsibility. Accordingly, notwithstanding that petitioner had not previously participated in launching the patrol boat, we find substantial evidence supports the Comptroller's finding that it was a task inherent in his regular duties as commanding officer to carry out the functions of the Bureau. We decline, therefore, to disturb the determination.

Mercure, J.P., Carpinello, Mugglin and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.