■ In the Matter of FRANCIS CALLANAN, Petitioner, v H. CARL MCCALL, as State Comptroller, Respondent. [753 NYS2d 248] —Peters, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

Petitioner, a police officer for the City of Mount Vernon Police Department, was injured at his job on January 25, 1999. Assigned to be the property clerk, he was directed by his captain to prepare for a weapons destruction by putting all guns being held in the property room in a destruction barrel. While moving the barrel containing the guns, which weighed approximately 250 to 300 pounds, petitioner injured his back. Following the initial denial of his application for accidental disability retirement benefits, petitioner requested a redetermination and hearing. At the conclusion of the hearing, the Hearing Officer found that petitioner did not sustain an accident within the meaning of the Retirement and Social Security Law and denied his application. Respondent adopted the Hearing Officer's findings, resulting in this CPLR article 78 proceeding.

Petitioner argues, inter alia, that respondent erroneously found that the January 25, 1999 incident did not constitute an accident within the meaning of the Retirement and Social Security Law. For purposes of the Retirement and Social Security Law, an accident is a " 'sudden, fortuitous mischance, unexpected, out of the ordinary and injurious in impact' " (*Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II*, 57 NY2d 1010, 1012, quoting *Johnson Corp. v Indemnity Ins. Co. of N. Am.*, 6 AD2d 97, 100, *affd* 7 NY2d 222). "Crucial to the finding of an accident * * *

is 'a precipitating accidental event \* \* \* which was not a risk of the work performed' " (*Matter of Penkalski v McCall*, 292 AD2d 735, 736, quoting *Matter of McCambridge v McGuire*, 62 NY2d 563, 567-568).

In the case at hand, petitioner testified that he was in the process of moving the destruction barrel across his office in a rolling fashion and his right foot slipped on oil leaking from the bottom of the barrel causing him to awkwardly twist and injure his lower back. He stated that he did not know how the oil leaked from the barrel, but indicated that the barrel may have had a hole. No reference to oil, however, was made in the incident report prepared by petitioner immediately after the occurrence. Rather, petitioner simply stated in the report that he "was moving a barrel that contained approx[imately] 250 lbs of guns to the front of [his] office [and] [w]hile doing this [he] felt a sharp pain in [his] mid and lower back." Inasmuch as respondent "is vested with the authority to evaluate any inconsistencies between hearing testimony and written reports, and decide issues of credibility" (*Matter of Arcuri v New York State & Local Retirement Sys.*, 291 AD2d 621, 622; *see Matter of O'Keefe v McCall*, 287 AD2d 921, 922), he was entitled to credit the description contained in the incident report over that provided by petitioner at the hearing.

Moreover, we find unpersuasive petitioner's assertion that he was not engaged in ordinary employment duties at the time of his injury. Although petitioner stated that it was the first time he had been involved in weapons destruction, he indicated that it was an infrequent event, last having been done more than seven years earlier. He further stated that, in his capacity as property clerk, he was directed by his captain to gather the firearms in the property room for destruction. Given that his responsibilities as property clerk entailed logging in and holding evidence, including weapons, until it was needed or destroyed, the gathering of weapons for destruction was consistent with such duties. Accordingly, we find that there is substantial evidence supporting the denial of petitioner's application on the ground that he did not sustain an accident.

Crew III, J.P., Rose, Lahtinen and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.