■ In the Matter of JOSEPH L. RIZZO, Petitioner, v H. CARL McCALL, as State Comptroller, Respondent. [753 NYS2d 576] —Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

Petitioner, a police officer for the City of Mount Vernon in Westchester County, injured his back on March 1, 1999 while moving a five-gallon pail filled with empty shell casings. Following a hearing, the Hearing Officer denied petitioner's application for accidental disability retirement benefits, finding that the incident which caused petitioner's injuries did not constitute an accident as defined under the Retirement and Social Security Law. In adopting the Hearing Officer's findings of fact and conclusions of law, respondent upheld the denial. This CPLR article 78 proceeding ensued.

We confirm. For purposes of the Retirement and Social Security Law, an accident has been defined as a " 'sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact' " (*Matter of Lichtenstein v Board of Trustees*, 57 NY2d 1010, 1012, quoting *Johnson Corp. v Indemnity Ins. Co. of N. Am.*, 6 AD2d 97, 100, *affd* 7 NY2d 222; *see Matter of Mruczek v McCall*, 299 AD2d 638). In determining whether an accidental injury has been sustained, "the focus must be on 'the precipitating cause of injury' and not on 'the petitioner's job assignment' " (*Matter of Jonigan v McCall*, 291 AD2d 766, 766, quoting *Matter of McCambridge v McGuire*, 62 NY2d 563,

567). Indeed, " '[i]t is critical to the determination * * * that there was a precipitating accidental event * * * which was not a risk of the work performed * * *' " (*Matter of Jonigan v McCall, supra* at 766, quoting *Matter of McCambridge v McGuire, supra* at 568 [citation omitted]).

Here, petitioner was on duty when his captain ordered him to move the subject pails. Although this was a task he had never previously been assigned, petitioner acknowledged the legitimacy of the order and the fact that he had an obligation to obey it. Petitioner testified that while moving the pails he slipped on a single shell casing, thereby twisting and injuring his back. This testimony is contradicted, however, by seven reports documenting, or based upon, petitioner's account or eyewitness accounts of the incident, none of which mentions the existence of shell casings on the floor or that petitioner slipped on one. Thus, the evidence presented a credibility determination which respondent was authorized to resolve (*see Matter of Arcuri v New York State & Local Retirement Sys.,* 291 AD2d 621, 622; *Matter of O'Keefe v McCall,* 287 AD2d 921, 922). Accordingly, we find no reason to disturb respondent's determination that the incident did not constitute an accident.

Cardona, P.J., Mercure, Carpinello and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.