■ In the Matter of GEORGE RUTLEDGE, Petitioner, v NEW YORK STATE AND LOCAL EMPLOYEES' RETIREMENT SYSTEM, Respondent. [754 NYS2d 744] —Kane, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Comptroller which denied petitioner's application for accidental disability retirement benefits.

Petitioner, a police officer for the City of Yonkers, Westchester County, alleges that he sustained disabling injuries in two separate incidents, one of which occurred in March 1987, when he injured his wrist and left thumb after falling down the stairs of Yonkers City Hall during the performance of his duties. Petitioner's application for accidental disability retirement benefits was denied by respondent and the matter proceeded to a hearing. The Comptroller thereafter denied petitioner's application, concluding that the occurrences did not constitute accidents within the meaning of the Retirement and Social Security Law. Petitioner commenced this CPLR article 78 proceeding contending that the Comptroller's determination is not supported by substantial evidence.

Based upon our review of the record as a whole, we cannot say that the Comptroller's determination is not supported by substantial evidence. For the purposes of the Retirement and Social Security Law, an injury is "accidental" if it results from " 'a sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact' " (*Matter of Arcuri v New York State & Local Retirement Sys.*, 291 AD2d 621, 622, quoting *Arthur A. Johnson Corp. v Indemnity Ins. Co. of N. Am.*, 6 AD2d 97, 100, *affd* 7 NY2d 222; *see Matter of Mruczek v McCall*, 299 AD2d 638, 638). Petitioner testified that after delivering paperwork to the Mayor at Yonkers City Hall, he exited the building and slipped and fell down a staircase. He grabbed the handrail to prevent his fall, thereby injuring himself. The incident report, filed immediately following the incident, indicated only that petitioner "lost his footing" before the fall. Although a "To/From" report filed six days after the accident stated that the steps were buckled and uneven and the handrail was extremely loose, the contemporaneous incident report failed to indicate the condition of either item or that petitioner's fall was in any way connected to them. Further, petitioner and the officer who investigated the incident inconsistently testified which handrail was loose. Since these inconsistencies presented a credibility determination which "the Comptroller [was] vested with the exclusive authority" to resolve (*Matter of Grossman v McCall*, 262 AD2d 923, 925, *appeal dismissed* 94 NY2d 796, *lv denied* 94 NY2d 765; *see Matter of Higgins v McCall*, 283 AD2d 879, 880), the Comptroller's determination that the accident was a result of petitioner's own misstep is supported by substantial evidence (*see Matter of Starnella v Bratton*, 92 NY2d 836, 839; *Matter of Slagle v McCall*, 293 AD2d 923, 924).

With respect to the second incident, petitioner reinjured his left wrist in a car accident in the parking lot of his precinct. Since it is undisputed that petitioner was on duty at the time of the incident and petitioner failed to demonstrate that his reinjury "was the result of anything other than a risk inherent in the nature of the work that he ordinarily performed as part of his duties," the Comptroller's determination must be confirmed (*Matter of Kordes v McCall*, 293 AD2d 960, 961; *see Matter of Stevens v New York State Comptroller*, 299 AD2d 644, 644-645).

Crew III, J.P., Spain, Carpinello and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.