■ In the Matter of ROBERT R. LAWRENCE, Petitioner, v H. CARL McCALL, as Comptroller of the State of New York, Respondent. [760 NYS2d 766] —Lahtinen, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which, inter alia, denied petitioner's application for accidental disability retirement benefits.

Petitioner was employed as a medical transportation officer at the Ulster Correctional Facility in Ulster County. On August 7, 2000, he was assigned to work the 4:00 A.M. to 12:00 P.M. shift and arrived at the facility at approximately 3:40 A.M. After unlocking the door to the transportation office, he turned on the light and began to enter it. He took a few steps inside and slipped on the floor, injuring his right knee. Petitioner immediately reported to the infirmary and filled out an accident

---

report. Thereafter, he filed applications for accidental and performance of duty disability retirement benefits. Following the initial denial of these applications, he requested a hearing and redetermination. At the conclusion of the hearing, the Hearing Officer denied both applications, finding, with respect to his application for accidental disability retirement benefits, that petitioner did not sustain an accident within the meaning of the Retirement and Social Security Law. Respondent adopted the Hearing Officer's findings. Subsequently, however, petitioner requested that the hearing be reopened for the purpose of taking the testimony of his former supervisor, who signed the accident report. Following the denial of this request, this CPLR article 78 proceeding ensued.

In his brief, petitioner challenges only the denial of his application for accidental disability retirement benefits. It is well settled that an accident under the Retirement and Social Security Law is "a 'sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact' " (*Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II*, 57 NY2d 1010, 1012 [1982], quoting *Johnson Corp. v Indemnity Ins. Co. of N. Am.*, 6 AD2d 97, 100 [1958] [1959], *affd* 7 NY2d 222 [1959]). In finding the occurrence of an accident, " '[i]t is critical * * * that there was a precipitating accidental event * * * which was not a risk of the work performed' " (*Matter of Jonigan v McCall*, 291 AD2d 766, 766 [2002], quoting *Matter of McCambridge v McGuire*, 62 NY2d 563, 568 [1984]).

In the case at hand, petitioner testified that he slipped on wet floor tiles when he entered the transportation office and that caused him to strike his knee on the desk and floor. In the accident report prepared immediately following the incident, petitioner related that "while getting the paperwork for my trip I slip [*sic*] and fell hitting the desk in the transportation office." The Hearing Officer found petitioner's oral testimony inconsistent with the accident report since he failed to include in the accident report "that the tile floor was wet and that it was the cause of the fall." While we have repeatedly held that where an inconsistency between a petitioner's testimony and written documents exists an issue of credibility arises for respondent to evaluate (*see Matter of Callanan v McCall*, 301 AD2d 780 [2003]; *Matter of Slagle v McCall*, 293 AD2d 923, 924 [2002]; *Matter of Arcuri v New York State & Local Retirement Sys.*, 291 AD2d 621, 622 [2002]), we do not view petitioner's oral testimony to be inconsistent with his statement on his accident report. In *Matter of Callanan v McCall* (*supra*), the

petitioner reported that he was moving a barrel and felt a sharp pain in his mid and lower back, but then testified that he slipped on oil leaking from the barrel causing him to awkwardly twist and injure his lower back. In *Matter of Slagle v McCall (supra)*, the petitioner reported that he had to step over a fallen fence and caught his boot causing him to fall, but then testified that he was unaware of the fallen fence and his resulting injuries caused by his fall were sudden and unexpected. In *Matter of Arcuri v New York State & Local Retirement Sys. (supra)*, the petitioner, a correction officer, reported that his accident did not implicate the involvement of an inmate, but then testified that an inmate released a door with a self-closing mechanism striking his wrist and causing an injury. Here, petitioner reported that he slipped and struck his knee on the desk in the transportation office. He testified that he "slipped on the floor falling down striking my knee on the wet tile floor." He further testified that he hit his knee on the desk before he hit the floor. When asked whether he knew what he slipped on, he testified, "[t]he floor was wet." We find petitioner's testimony consistent with his accident report.

Since it appears from this record that respondent's conclusion "that [petitioner] did not meet his burden of proving that he suffered an accident within the meaning of the Retirement and Social Security Law due to a slip on the wet surface" was based solely on respondent's finding that petitioner's oral testimony was inconsistent with his accident report, respondent's conclusion was not supported by substantial evidence.

Since the matter must be remitted to respondent, petitioner's claim that he was improperly denied the right to reopen the hearing to secure the testimony of his former supervisor is academic.

Crew III, J.P., Peters, Spain and Kane, JJ., concur. Adjudged that the determination is annulled, without costs, and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.