■ In the Matter of PHILLIP C. NEDWICK, Petitioner, v H. CARL McCALL, as State Comptroller, Respondent. [764 NYS2d 154] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for ordinary disability retirement benefits.

Petitioner, a police officer for the City of Yonkers, Westchester County, alleges that he sustained a disabling injury to his right wrist in two separate incidents, the first occurring in 1981 while restraining a woman who was threatening to jump from a window, and the second in 1999 while he was attempting to open a locked door which he assumed was unlocked. Petitioner's application for accidental disability retirement benefits was denied. Following a hearing, respondent concluded that the incidents did not constitute accidents within the meaning of the Retirement and Social Security Law. Petitioner commenced this CPLR article 78 proceeding challenging respondent's determination as not supported by substantial evidence.

The determination should be confirmed and the petition dismissed. In order for an injury to be "accidental," it must result from " 'a sudden fortuitous mischance, unexpected, out of the ordinary, and injurious on impact' " (*Matter of Arcuri v New York State & Local Retirement Sys.*, 291 AD2d 621, 622 [2002], quoting *Arthur A. Johnson Corp. v Indemnity Ins. Co. of N. Am.*, 6 AD2d 97, 100 [1958], *affd* 7 NY2d 222 [1959]). An injury sustained from the risks inherent in the regular duties of the applicant's employment are not accidental (*see Matter of Pugliese v New York State & Local Retirement Sys.*, 161 AD2d 1095 [1990]). The record establishes that on March 20, 1981, petitioner responded to a radio call of an emotionally disturbed woman and, upon arrival, was informed that she was threatening to jump from a fifth-story window. When petitioner grabbed the woman to pull her away from the window, petitioner fell and injured his wrist. Although petitioner maintained that he fell over a night stand when the woman unexpectedly pushed toward him rather than pulled away as he had expected, the three reports filed in connection with the incident only indicate that petitioner was injured while restraining the woman. In any event, petitioner conceded that his duties included restraining individuals who could be a threat to themselves and that emotionally disturbed people can be unpredictable. With respect to the 1999 incident, the door in the main cor-

ridor at the police station which petitioner used on numerous occasions did not open because it was locked, not because of any defect in the door handle. Under the circumstances presented here, the record provides substantial evidence to support the determination that there was nothing so unusual or unexpected about the incidents at issue to constitute accidents within the meaning of the Retirement and Social Security Law (*see Matter of Esposito v Regan*, 162 AD2d 870 [1990]; *Matter of Pugliese v New York State & Local Retirement Sys., supra*).

Mercure, J.P., Crew III, Spain, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.