■ In the Matter of FRANCIS J. FLYNN, Petitioner, v ALAN G. HEVESI, as Comptroller of the State of New York, Respondent. [764 NYS2d 490] —Mercure, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

On January 9, 1996, petitioner, a custodian for the Deer Park School District in Suffolk County, was called into work early to help shovel walkways following a severe snowstorm. Based on the large volume of snow that had fallen, a heavy

construction vehicle was used to partially clear the walkways. However, according to petitioner, the construction vehicle pushed down and compacted the snow at ground level, creating a slippery condition. As a result, when petitioner began to shovel the walkway, he slipped and fell on the compacted snow, injuring his neck, back and shoulder. Following the initial denial of his claim for accidental disability retirement benefits, petitioner requested a hearing and redetermination. At the conclusion of the hearing, the Hearing Officer similarly denied petitioner's application, finding that the incident did not constitute an accident within the meaning of the Retirement and Social Security Law. Thereafter, with minor additions, respondent adopted the findings of the Hearing Officer and denied petitioner's application. This CPLR article 78 proceeding ensued.

For purposes of the Retirement and Social Security Law, an accident is "a 'sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact'" (*Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II*, 57 NY2d 1010, 1012 [1982], quoting *Johnson Corp. v Indemnity Ins. Co. of N. Am.*, 6 AD2d 97, 100 [1958], *affd* 7 NY2d 222 [1959]; *see Matter of Rutledge v New York State & Local Empls. Retirement Sys.*, 302 AD2d 731, 732 [2003]). In determining whether an accidental injury has been sustained, "the focus must be on 'the precipitating cause of injury' and not on 'the petitioner's job assignment'" (*Matter of Jonigan v McCall*, 291 AD2d 766, 766 [2002], quoting *Matter of McCambridge v McGuire*, 62 NY2d 563, 567 [1984]). Indeed, "'[i]t is critical to the determination * * * that there was a precipitating accidental event * * * which was not a risk of the work performed'" (*Matter of Jonigan v McCall, supra* at 766, quoting *Matter of McCambridge v McGuire, supra* at 568).

Here, it is undisputed that petitioner's job duties involved outside maintenance, including the shoveling of snow. Moreover, petitioner testified that he had shoveled snow on many occasions, knew that snow was slippery and actually saw the construction vehicle compacting the snow and ice on which he subsequently slipped. Under these circumstances, we conclude that substantial evidence supports respondent's determination that petitioner's fall was not precipitated by a sudden or unexpected event and, thus, was not an accident (*see Matter of Jonigan v McCall, supra* at 766-767). As to petitioner's specific contention that his fall must be deemed an accident in light of the extraordinary and unprecedented weather conditions, we simply note that, absent a sudden and unexpected event which

was not a risk of the work being performed, severe weather conditions alone are insufficient to transform what would otherwise be an incident into an accident (*see Matter of Kazmierczak v McCall*, 252 AD2d 728, 728-729 [1998], *lv denied* 92 NY2d 813 [1998]).

Nor are we persuaded that the Hearing Officer erred in precluding various deposition testimony from petitioner's companion civil suit (*see Flynn v Hewlynn Nurseries*, 289 AD2d 524 [2001], *lv denied* 98 NY2d 604 [2002]). An administrative hearing officer "is not bound by traditional rules of evidence and may adopt [his or her] own procedures for the admission of evidence, so long as a party's interests are not prejudiced thereby" (*Matter of Kinlock v New York State & Local Empls. Retirement Sys.*, 237 AD2d 810, 810 [1997]; *see Matter of Anderson v McCall*, 294 AD2d 740, 741 [2002]). Our standard of review of such issues is whether the Hearing Officer's decision amounted to an abuse of discretion (*see Matter of Anderson v McCall, supra* at 741). Here, inasmuch as the subject deposition testimony of third parties had no bearing on petitioner's knowledge of the walkway's slippery condition or whether petitioner's fall was precipitated by an unexpected event, it was irrelevant to the dispositive issue in this case—whether petitioner's fall was an accident under the Retirement and Social Security Law. Accordingly, we conclude that the Hearing Officer's decision in this regard did not constitute an abuse of discretion.

Cardona, P.J., Crew III, Peters and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.