In the Matter of JOANNE AMADIO, Petitioner, v H. CARL McCALL, as Comptroller of the State of New York, et al., Respondents. [768 NYS2d 699]—

Lahtinen, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for accidental disability retirement benefits.

Petitioner, a police officer assigned to the "Critical Incident Unit," was injured in the course of escorting a mentally-disturbed patient to a hospital psychiatric ward. According to petitioner's hearing testimony, the patient became violent and was being restrained on the hospital floor by petitioner, additional police officers and hospital employees, when she kicked petitioner in the neck and the side of her head, causing the injuries that precipitated petitioner's retirement. Petitioner's claim for accidental disability retirement benefits was denied on the ground that her injuries did not result from an accident within the meaning of Retirement and Social Security Law § 363. This CPLR article 78 proceeding ensued.

For an injury to be considered accidental within the meaning of the Retirement and Social Security Law, it must result from "a sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact" (*Johnson Corp. v Indemnity Ins. Co. of N. Am.*, 6 AD2d 97, 100 [1958], *affd* 7 NY2d 222

[1959]; *see Matter of McCambridge v McGuire*, 62 NY2d 563, 567-568 [1984]). The precipitating event must emanate from a risk that is not an inherent element of the petitioner's regular employment duties (*see Matter of Stevens v New York State Comptroller*, 299 AD2d 644 [2002]).

In the matter under review, substantial evidence supports the finding that petitioner's injuries were not accidental in that they arose out of the performance of a duty that was a routine part of her employment (*see Matter of Van Roten v McCall*, 276 AD2d 944, 945 [2000]). Petitioner has failed to establish that her injuries resulted from "anything other than a risk inherent in the nature of [her] work" as a police officer in the "Critical Incident Unit" (*Matter of Kordes v McCall*, 293 AD2d 960, 961 [2002]). To the extent that respondent Comptroller's factual determination that petitioner's injury was not caused by a kick to her neck and head as petitioner stated in her accidental disability application is relevant to denial of petitioner's claim, there is substantial record evidence to support the Comptroller's resolution of that issue (*see Matter of Rutledge v New York State & Local Empls. Retirement Sys.*, 302 AD2d 731, 732 [2003]). The remaining contentions raised herein have been examined and found to be unpersuasive.

Mercure, J.P., Carpinello, Mugglin and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.