■ In the Matter of SHIRLEY POMMERVILLE, Petitioner, v H. CARL MCCALL, as State Comptroller, Respondent. [775 NYS2d 609]—

Peters, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for disability retirement benefits.

Petitioner was employed as an aide at a facility for developmentally disabled persons. On September 1, 1998, she observed a client sitting on the back of a couch, leaning in such a manner as to cause the couch to be tilted on its back legs. After petitioner repeatedly warned the client not to sit in that manner, he abruptly got up. The couch rocked back and forth but stayed upright. Petitioner, who had her elbows on the couch when the client moved, backed into a wall and injured her back.

Petitioner filed a claim for disability retirement benefits pursuant to Retirement and Social Security Law article 15. Following the initial denial of the application, petitioner requested a hearing and redetermination. The Hearing Officer also denied the application, finding that the incident in question did not

constitute an accident within the meaning of the Retirement and Social Security Law. After making a supplemental finding of fact, respondent upheld the Hearing Officer's decision. This CPLR article 78 proceeding ensued.

We confirm. For purposes of the Retirement and Social Security Law, an accident is "a 'sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact' " (*Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II*, 57 NY2d 1010, 1012 [1982], quoting *Johnson Corp. v Indemnity Ins. Co. of N. Am.*, 6 AD2d 97, 100 [1958], *affd* 7 NY2d 222 [1959]; *see Matter of Lawrence v McCall*, 305 AD2d 960, 961 [2003]). In order to be considered accidental, an injury may not be the result of activities undertaken in the ordinary course of one's job duties (*see Matter of Tuper v McCall*, 259 AD2d 941, 941 [1999]; *Matter of Talerico v McCall*, 239 AD2d 863, 864 [1997]). Rather, it must be due to a precipitating accidental event which is not a risk of the work performed (*see Matter of Lawrence v McCall, supra* at 961; *Matter of Jonigan v McCall*, 291 AD2d 766, 766 [2002]).

Here, petitioner was interacting with a client during the regular course of her duties as an aide when she injured her back. She was not exposed to a risk that was not a normal part of her job at the time of the incident (*see e.g. Matter of Vladick v McCall*, 252 AD2d 729 [1998]). The fact that the client made a sudden movement does not make petitioner's injury accidental. Inasmuch as we find that substantial evidence supports respondent's determination, we decline to disturb it.

Cardona, P.J., Mercure, Crew III and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.