■ In the Matter of MICHAEL A. LUCIAN, Petitioner, v H. CARL McCALL, as State Comptroller, Respondent. [776 NYS2d 637]—

Mugglin, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

Petitioner, a police officer for the Village of Port Chester, Westchester County, was dispatched to assist an elderly man who had fallen out of bed. As petitioner attempted to lift the man into bed, a throw rug on the floor slipped, causing petitioner to fall and be injured. The Hearing Officer denied his application for accidental disability retirement benefits on the basis that the incident did not constitute an accident within the meaning of Retirement and Social Security Law § 363. Respondent upheld the denial and this CPLR article 78 proceeding ensued.

In order for an injury to be considered accidental under the Retirement and Social Security Law, it must have resulted from "a 'sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact'" (*Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II*, 57 NY2d 1010, 1012 [1982], quoting *Johnson Corp. v Indemnity Ins. Co. of N. Am.*, 6 AD2d 97, 100 [1958], *affd* 7 NY2d 222 [1959]; *see Matter of Amadio v McCall*, 2 AD3d 1131, 1131 [2003]). Crucial to such a finding is that the event precipitating the injury was not a risk of the work performed (*see Matter of Amadio v McCall, supra* at 1132; *Matter of Nedwick v McCall*, 308 AD2d 653, 653 [2003]; *Matter of Jonigan v McCall*, 291 AD2d 766, 766 [2002]).

At the time of his injury, petitioner was performing routine duties as a police officer in going to the aid of a distressed citizen. That a throw rug might slip under petitioner's feet while he was performing these duties is both a risk inherent in the performance of his routine duties and not an unexpected event. Thus, substantial evidence supports respondent's determination that this incident was not an accident within the meaning of the statute (*see Matter of Stevens v New York State Comptroller*, 299 AD2d 644 [2002]).

Crew III, J.P., Peters, Spain and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.