█ In the Matter of JOHN K. WALTERS, Petitioner, v ALAN G. HEVESI, as State Comptroller, et al., Respondents. [804 NYS2d 483]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for accidental disability retirement benefits.

Petitioner, a police officer, sustained injuries to his right hand while apprehending a suspect and applied for accidental disability retirement benefits. Following a hearing, a Hearing Officer

denied petitioner's application on the ground that the incident did not constitute an accident under Retirement and Social Security Law § 363. Respondent Comptroller thereafter adopted the Hearing Officer's findings, prompting this CPLR article 78 proceeding by petitioner.

Inasmuch as substantial evidence supports the underlying determination, we confirm. Petitioner bears the burden of demonstrating that the injury sustained resulted from an accident within the meaning of Retirement and Social Security Law § 363 (*see Matter of Pryor v Hevesi*, 14 AD3d 776, 776 [2005]). " 'An injury that occurs without an unexpected event, as the result of activity undertaken in the performance of ordinary employment duties (considered in view of the particular employment in question) is not an accidental injury' " (*Matter of Weisensel v Hevesi*, 8 AD3d 880, 881 [2004], quoting *Matter of Cadiz v McCall*, 236 AD2d 766, 766 [1997]; *see Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II*, 57 NY2d 1010, 1012 [1982]). Petitioner claims that he was injured when a fellow police officer twisted his wrist while helping him handcuff the suspect on the ground and that the weight of the other assisting officers who were piled on top of petitioner crushed his hand. He further avers that assistance from the other officers was not required because the suspect was not struggling or attempting to get loose. Police reports written by officers at the scene, however, demonstrated that multiple officers and a police dog were involved in subduing a violent suspect who was resisting arrest and that a struggle ensued. Moreover, these reports indicate that petitioner was not injured as the result of any actions taken by a fellow officer. This evidence created a credibility issue for the Comptroller to resolve and we find no basis to disturb his finding that petitioner's injury was within the scope of risks inherent in the performance of his regular employment duties (*see Matter of Lucian v McCall*, 7 AD3d 905, 906 [2004]; *Matter of Nedwick v McCall*, 308 AD2d 653, 653-654 [2003]; *Matter of Mirrer v Hevesi*, 4 AD3d 722, 723 [2004]).

Mercure, J.P., Crew III, Peters, Mugglin and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.