In the Matter of NANCY R. HAMILTON, Petitioner, v ALAN G. HEVESI, as State Comptroller, et al., Respondents. [813 NYS2d 579]—

Mugglin, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for accidental disability retirement benefits.

Petitioner, a registered professional nurse employed by the Kingston City School District in Ulster County, sustained a fractured hip when she fell down a flight of stairs while attending a job-related conference. After her application for accidental disability retirement benefits was denied, petitioner requested a hearing and redetermination. The hearing officer ultimately denied her application, finding that she had not sustained an accident within the meaning of the Retirement and Social Security Law. Respondent Comptroller adopted the hearing officer's findings, prompting this CPLR article 78 proceeding.*

An accident under the Retirement and Social Security Law is characterized as "a 'sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact' " (*Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II,* 57 NY2d 1010, 1012 [1982], quoting *Arthur A. Johnson Corp. v Indemnity Ins. Co. of N. Am.,* 6 AD2d 97, 100 [1958], *affd* 7 NY2d 222 [1959]; *see Matter of Pryor v Hevesi,* 14 AD3d 776, 776 [2005]). To be considered an accident, it must be deemed that "the event precipitating the injury was not a risk of the work performed" (*Matter of Lucian v McCall,* 7 AD3d 905, 906 [2004]; *see Matter of Pommerville v McCall,* 6 AD3d 1025, 1026 [2004]).

Here, petitioner testified that it had been "dreary and raining all day" and, as she attempted to walk down the flight of stairs, she "slipped on the wet floor and went airborne," causing her to fall to the bottom. In denying petitioner's application, the

---

* The Comptroller added one supplemental finding of fact which is not relevant to the merits of this proceeding.

Comptroller found that she failed to make any reference to wet stairs prior to testifying at the hearing. The Comptroller, noting that the accident report and application for accidental disability retirement benefits were silent with regard to any allegation of the stairs being wet, concluded that petitioner "fell by reason of her misstep" and therefore did not suffer an accidental injury. It is well settled that any apparent inconsistency between a petitioner's sworn testimony and written documents presents a credibility issue for resolution by the finder of fact (*see Matter of Callanan v McCall,* 301 AD2d 780, 781 [2003]; *Matter of Slagle v McCall,* 293 AD2d 923, 924 [2002]; *Matter of Arcuri v New York State & Local Retirement Sys.,* 291 AD2d 621, 622 [2002]. Resolving the credibility issue, the Comptroller concluded that the precipitating cause of her fall was a misstep which does not constitute an accidental injury (*see Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II, supra* at 1012). Inasmuch as the Comptroller's conclusion that petitioner failed to demonstrate that she suffered an accident within the meaning of the Retirement and Social Security Law was essentially premised upon a credibility determination, we find it to be supported by substantial evidence notwithstanding that the acceptance of petitioner's hearing testimony could support a different conclusion (*cf. Matter of Lawrence v McCall,* 305 AD2d 960 [2003]).

Mercure, J.P., Peters, Carpinello and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.