Rose, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner’s application for accidental disability retirement benefits.
Petitioner was a police officer employed by the Port Authority of New York and New Jersey. In January 2005, petitioner was injured when he slipped and fell on snow and ice that had accumulated on a wooden plank that had been laid down between the sidewalk and the street in front of his command post. Petitioner applied for accidental disability retirement benefits, which was denied on the ground that the incident which caused his injury was not an accident within the meaning of Retirement and Social Security Law § 363. Following a request for a redetermination, a hearing was held and the Hearing Officer denied the application on the same ground. Respondent Comptroller subsequently adopted that decision, prompting this CPLR article 78 proceeding.
We confirm. “[A]n injury which occurs without an unexpected event as the result of activity undertaken in the performance of ordinary employment duties, considered in view of the particular employment in question, is not an accidental injury” (Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II, 57 NY2d 1010, 1012 [1982]; accord Matter of McGerald v DiNapoli, 51 AD3d 1328, 1329 [2008]). Moreover, petitioner bears the burden of proving that his injury was accidental and the Comptroller’s determination in that regard will be upheld if supported by substantial evidence (see Matter of Brennan v New York State & Local Empls. Retirement Sys., 50 AD3d 1374, 1375 [2008]).
Here, petitioner testified that he had traversed the wooden plank numerous times during his shift and that, up until the time he fell, the plank was clear of snow and ice. He testified that no snow fell that night and he did not see any dangerous condition on the plank until after he had fallen and felt black ice underneath him. In the injury report he filled out the day of the incident, however, petitioner wrote that he “slipped and fell on snow and ice which was covering [the] plywood” and that *940 “proper snow removal” was necessary to prevent a reoccurrence of the incident. On that form, petitioner’s supervisor noted that, after the incident, the area was cleared of snow and ice and salt was applied. “It is well settled that any apparent inconsistency between a petitioner’s sworn testimony and written documents presents a credibility issue for resolution by the finder of fact” (Matter of Hamilton v Hevesi, 28 AD3d 965, 966 [2006] [citations omitted]; see Matter of Callanan v McCall, 301 AD2d 780, 781 [2003]). Given that petitioner’s written statement characterized the plank as being covered with snow and ice, with snow removal being necessary to prevent a reoccurrence, the Comptroller’s conclusion, that the condition of the plank was a hazard he should have anticipated and his fall, therefore, did not result from an unexpected event constituting an accidental injury, is supported by substantial evidence and will not be disturbed (see Matter of Jonigan v McCall, 291 AD2d 766, 766-767 [2002]).
Peters, J.P., Lahtinen, Kavanagh and Stein, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.