# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1343**

**TP 11-01737**

PRESENT: CENTRA, J.P., FAHEY, SCONIERS, VALENTINO, AND MARTOCHE, JJ.

---

IN THE MATTER OF TIMOTHY BEARDSLEE, PETITIONER,

V                                                    MEMORANDUM AND ORDER

NEW YORK STATE OFFICE OF CHILDREN AND FAMILY
SERVICES AND LIVINGSTON COUNTY DEPARTMENT OF
SOCIAL SERVICES, RESPONDENTS.

---

PANZARELLA & COIA, P.C., ROCHESTER (CHAD M. HUMMEL OF COUNSEL), FOR PETITIONER.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (ALLYSON B. LEVINE OF COUNSEL), FOR RESPONDENT NEW YORK STATE OFFICE OF CHILDREN AND FAMILY SERVICES.

---------------------------------------------------------------------------------------------------------------------

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Monroe County [Ann Marie Taddeo, J.], entered August 24, 2011) to review a determination of respondents. The determination denied the application of petitioner to amend to unfounded an indicated report of maltreatment.

It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner contends that the New York State Office of Children and Family Services (respondent) erred in refusing to amend to unfounded an indicated report of child maltreatment with respect to his foster son, maintained in the New York State Central Register of Child Abuse and Maltreatment, and to seal that amended report. We reject that contention. The proof presented at a fair hearing by respondent Livingston County Department of Social Services (DSS) established that petitioner, in contravention of his foster parent contract, spanked the child, leaving a mark in the shape of his hand that was still visible the following day. We conclude, therefore, that respondent's determination that DSS established by a fair preponderance of the evidence at the fair hearing that petitioner maltreated the child based on excessive corporal punishment is supported by substantial evidence (*see Matter of Castilloux v New York State Off. of Children & Family Servs.*, 16 AD3d 1061, 1062, *lv denied* 5 NY3d 702).

Contrary to the further contention of petitioner, the Administrative Law Judge's refusal to grant certain subpoenas did not

deprive him of the right to a fair hearing because the subpoenas would have resulted in the introduction of irrelevant or duplicative evidence (*see generally Matter of Flynn v Hevesi*, 308 AD2d 674, 676, *lv denied* 1 NY3d 504).

Entered:  December 28, 2012                      Frances E. Cafarell
                                                Clerk of the Court