■ In the Matter of EDWARD L. PENKALSKI, Petitioner, v H. CARL McCALL, as Comptroller of the State of New York and Administrator of the New York State and Local Police and Fire Retirement System, Respondent. [738 NYS2d 763] —Rose, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

Petitioner, a police officer, sustained a disabling knee injury when he slipped and fell on wet grass while chasing a suspect. Ruling that petitioner did not sustain an accident within the meaning of the Retirement and Social Security Law, respondent denied petitioner's application for accidental disability retirement benefits. In this CPLR article 78 proceeding to review the determination, petitioner claims that his slip and fall on wet grass was sudden and unexpected and, therefore, an accident. We disagree.

Crucial to the finding of an accident in cases of this nature is "a precipitating accidental event * * * which was not a risk of the work performed" (*Matter of McCambridge v McGuire*, 62 NY2d 563, 567-568). Thus, "[u]nless the injury results from an event that would not ordinarily be anticipated in the context of the worker's employment, it cannot be defined as an 'accidental' injury" (*Matter of Butler v McCall*, 247 AD2d 709, 710). In chasing a suspect, petitioner was certainly engaged in police work and, in the performance of this work, exposure to a variety of conditions, including wet grass, was an inherent risk that would ordinarily be anticipated. Accordingly, respondent could rationally conclude that petitioner's slip and fall on the wet grass encountered during the chase was a risk of the work performed (*see, Matter of O'Donnell v New York State & Local Retirement Sys.*, 249 AD2d 607; *Matter of Minchak v McCall*, 246 AD2d 952). The determination is, therefore, confirmed.

Cardona, P.J., Crew III, Spain and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.