◼ In the Matter of RICHARD D. SANTORSOLA, Petitioner, v H. CARL McCALL, as State Comptroller, et al., Respondents.

[755 NYS2d 492] —Rose, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for accidental disability retirement benefits.

Petitioner was employed as a senior criminal investigator for the Westchester County District Attorney's office. During a firearms training exercise, he and his partner were directed by a range officer to follow a scenario requiring each to perform defensive maneuvers while firing live ammunition at a target representing a man with a gun. While running behind his partner, who was providing covering fire, petitioner tripped over his partner's leg and injured his right knee. Following the initial denial of petitioner's application for accidental disability retirement benefits, a hearing was conducted. The Hearing Officer denied petitioner's application on the basis that the incident did not constitute an accident within the meaning of Retirement and Social Security Law § 63. Respondent Comptroller adopted the Hearing Officer's findings and this CPLR article 78 proceeding ensued.

We confirm. An accident within the meaning of the Retirement and Social Security Law is a sudden and extraordinary event that is unrelated to the ordinary risks of employment (*see Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II*, 57 NY2d 1010, 1012). Further, an injury that results from the petitioner's own inattention or misstep is not accidental (*see Matter of Arcuri v New York State & Local Retirement Sys.*, 291 AD2d 621, 622; *Matter of Van Roten v McCall*, 276 AD2d 944, 945). Here, the live fire training exercise was a regular part of petitioner's duties as a senior criminal investigator. As part of the scenario, petitioner was directed to maneuver around his partner, who was crouched behind a car, and move to a nearby barricade. To provide the required covering fire for petitioner, his partner raised himself up on one knee and extended the other leg to brace himself. Petitioner stated that his eyes were on the target when he ran behind his partner and tripped over his partner's extended leg, injuring himself. This testimony supports the Comptroller's finding that petitioner's injury was the ordinary and foreseeable result of his own inattention or misstep during an activity performed in the course of his employment (*see Matter of Slagle v McCall*, 293 AD2d 923, 924; *Matter of Penkalski v McCall*, 292 AD2d 735, 736).

Mercure, J.P., Peters, Spain and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.