■ In the Matter of NICHOLAS FORLANO, Petitioner, v H. CARL McCALL, as Comptroller of the State of New York, et al., Respondents. [757 NYS2d 146] —Peters, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for accidental disability retirement benefits.

Petitioner, a crew leader in the highway department for the Town of Islip, Suffolk County, suffered disabling back injury when he slipped and fell while he and a fellow crew member were attempting to reset a 300-pound catch basin cover. Petitioner's application for accidental disability retirement benefits was denied on the ground that his injury was not caused by an accident within the meaning of Retirement and Social Security Law § 63. Upon administrative review, a Hearing Officer found that petitioner's injury was a risk inherent in his regular job duties rather than the result of an accident. Respondent Comptroller adopted the Hearing Officer's findings and denied petitioner's application. Petitioner thereafter commenced this CPLR article 78 proceeding to challenge the Comptroller's determination.

We confirm. "[A]n injury which occurs without an unexpected event as the result of activity undertaken in the performance of ordinary employment duties, considered in view of the particular employment in question, is not an accidental injury" (*Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II*, 57 NY2d 1010, 1012 [1982]; *Matter of Cadiz v McCall*, 236 AD2d 766 [1997]). Petitioner bears the burden to prove that his injury was accidental (*see Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II, supra* at 1011; *Matter of Keller v Regan*, 212 AD2d 856, 857 [1995]), and the Comptroller's determination as to the cause of an injury will be upheld if supported by substantial evidence (*see Matter of Waldron v McCall*, 302 AD2d 742, 743 [2003]; *Matter of Curtis v New York State Comptroller*, 281 AD2d 780, 781 [2001]).

Here, petitioner failed to meet his burden to prove that his injury was the result of an accident. Petitioner claims that he stepped on apparently dry leaves that had accumulated around the catch basin and slipped on ice hidden below the surface. Petitioner testified that he did not see ice around the catch basin at the time of his fall, but that "obviously the bottom was ice." The Comptroller is empowered to assess witness credibility and acted within his discretion in rejecting this testimony (*see Matter of Mruczek v McCall*, 299 AD2d 638, 639 [2002]; *Matter of Arcuri v New York State & Local Retirement Sys.*, 291 AD2d 621, 622 [2002]). In the absence of other evidence of an accident, and in light of petitioner's testimony that he had performed this task many times in the course of his ordinary duties, substantial evidence supports the Comptroller's determination that petitioner's injury was a risk inherent in his regular job duties.

Crew III, J.P., Spain, Lahtinen and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.