■ In the Matter of THOMAS M. LASSEN, Petitioner, v ALAN G. HEVESI, as Comptroller of the State of New York and Administrator of the New York State and Local Police and Fire Retirement System, Respondent. [779 NYS2d 868]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

Petitioner, a firefighter, was injured when he tripped over a

lawnmower on the front porch of a burning residence. At the time of the incident, petitioner was backing out of the building in order to observe the fire and to remove his equipment from the building. Petitioner had entered the residence through a different door, and did not know the lawnmower was there. Petitioner's initial application for accidental disability retirement benefits was denied. After a hearing, a Hearing Officer denied petitioner's application on the ground that the incident did not constitute an accident under Retirement and Social Security Law § 363. Respondent adopted the Hearing Officer's findings, resulting in this CPLR article 78 proceeding.

Substantial evidence supports respondent's conclusion that petitioner's injury resulted from "an ordinary misstep and a risk inherent in the duties of a firefighter and [was not] an accident within the meaning of the Retirement and Social Security Law," despite petitioner's lack of awareness of the lawnmower (*Matter of O'Donnell v New York State & Local Retirement Sys.*, 249 AD2d 607, 607 [1998]; *see Matter of Santorsola v McCall*, 302 AD2d 727, 728 [2003]; *Matter of Minchak v McCall*, 246 AD2d 952, 952-953 [1998]). As such, we decline to disturb respondent's determination denying petitioner's application.

Mercure, J.P., Peters, Mugglin, Rose and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.