■ In the Matter of RAYMOND COON, Petitioner, v NEW YORK STATE COMPTROLLER et al., Respondents. [816 NYS2d 763]—

Lahtinen, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for accidental disability retirement benefits.

Petitioner was a police officer employed by the Suffolk County Police Department and was directing traffic at a congested intersection. The undisputed evidence established that while petitioner was guiding a large tractor trailer through the intersection, he stepped backward into a pothole and fell. Petitioner sustained allegedly disabling injuries to his lower back and coccyx, and applied for accidental disability retirement benefits. His application was denied on the ground that the incident that caused his injury was not an "accident" within the meaning of Retirement and Social Security Law § 363. Following a hearing and redetermination, a Hearing Officer denied his application on the same ground, which determination was accepted by respondent Comptroller. Petitioner now seeks judicial review.

We confirm. An accident within the meaning of the Retirement and Social Security Law is a " 'sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact' " (*Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II*, 57 NY2d 1010, 1012 [1982], quoting *Arthur A. Johnson Corp. v Indemnity Ins. Co. of N. Am.*, 6 AD2d 97, 100 [1958], *affd* 7 NY2d 222 [1959]; *see Matter of Kazmierczak v McCall*, 252 AD2d 728, 729 [1998], *lv denied* 92 NY2d 813 [1998]). An accident will not be found when the event precipitating the injury is a risk of the applicant's ordinary employment duties (*see Matter of Pryor v Hevesi*, 14 AD3d 776, 776 [2005]; *Matter of Lassen v Hevesi*, 9 AD3d 780, 781 [2004]; *Matter of Mirrer v Hevesi*, 4 AD3d 722, 723 [2004]; *Matter of Talerico v McCall*, 239 AD2d 863, 864 [1997]; *Matter of Covel v New York State Employees' Retirement Sys.*, 84 AD2d 902 [1981], *lv denied* 55 NY2d 606 [1982]). Stepping into a pothole while directing traffic is clearly a risk of the work performed by police officers (*see Matter of Lucian v McCall*, 7 AD3d 905, 906 [2004]; *Matter of Amadio v McCall*, 2 AD3d 1131, 1132 [2003]; *Matter of Minchak v McCall*, 246 AD2d 952, 953 [1998]), even if petitioner was unaware of the hazard that caused his fall (*see Matter of Lassen v Hevesi, supra*; *Matter of Minchak v McCall, supra*). As the Comptroller's decision is supported by substantial evidence in the record, it will remain undisturbed.

Cardona, P.J., Crew III, Spain and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.