■ In the Matter of SALVATORE PAPPALARDO, Petitioner, v ALAN G. HEVESI, as State Comptroller, Respondent. [823 NYS2d 634]—

Mugglin, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

As a result of an incident that occurred in May 2003, petitioner, a City of Yonkers police officer assigned to work at Roosevelt High School, applied for accidental disability retirement benefits. Upon the initial denial by the New York State and Local Retirement System, a hearing was held after which the Hearing Officer determined that the incident in question did not constitute an accident within the meaning of Retirement and Social Security Law § 363. Respondent upheld this determination, prompting petitioner to commence this proceeding.

"An injury that occurs without an unexpected event, as the result of activity undertaken in the performance of ordinary employment duties (considered in view of the particular employment in question) is not an accidental injury" (*Matter of Walters v Hevesi*, 23 AD3d 982, 983 [2005] [citations and internal quotation marks omitted]; *accord Matter of Kesch v Hevesi*, 28 AD3d 1056, 1056-1057 [2006]; *see Matter of Lucian v McCall*, 7 AD3d 905, 906 [2004]). Here, petitioner injured his knee while in foot pursuit of a student who fled after police officers attempted to

arrest him. Although petitioner testified that his injury occurred when he slipped on an unknown substance, he also testified that he never checked the floor to see what, if anything, caused him to slip. Notably, the incident reports that were filled out soon after the incident do not mention anything about a substance or that petitioner even slipped, only that petitioner twisted his knee while running after the student. This inconsistency presented a credibility question for respondent to resolve (*see Matter of Hamilton v Hevesi*, 28 AD3d 965, 966 [2006]; *Matter of Rutledge v New York State & Local Employees' Retirement Sys.*, 302 AD2d 731, 732 [2003]). Furthermore, petitioner testified that he has arrested numerous students and it is part of his "normal routine" to chase students. As such, the incident in question emanated from a risk inherent in his regular job duties (*see Matter of Coon v New York State Comptroller*, 30 AD3d 884, 885 [2006]; *Matter of Lassen v Hevesi*, 9 AD3d 780, 781 [2004]). Substantial evidence therefore supports respondent's determination that his incident was not an accident within the meaning of the Retirement and Social Security Law.

Cardona, P.J., Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.