In the Matter of FREDERICK D. ENGBER, Petitioner, v NEW YORK STATE COMPTROLLER et al., Respondents. [835 NYS2d 495]—

Rose, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for accidental disability retirement benefits.

Petitioner was working as an undercover detective performing electronic surveillance duties for the Nassau County Police Department when he fell from a telephone pole and injured his left leg. Complications from the injury required that he take line-of-duty sick leave and prompted his application for accidental disability retirement benefits. Following the initial denial of that application by the New York State and Local Retirement System, a Hearing Officer determined that the incident in question did not constitute an accident within the meaning of Retirement and Social Security Law § 363. Respondent Comptroller upheld that determination, and this CPLR article 78 proceeding by petitioner ensued.

We confirm. " '[A]n injury that occurs without an unexpected event, as the result of activity undertaken in the performance of ordinary employment duties (considered in view of the particular employment in question) is not an accidental injury' " (*Matter of Pryor v Hevesi*, 14 AD3d 776, 776 [2005], quoting *Matter of Cadiz v McCall*, 236 AD2d 766, 766 [1997]). Here, petitioner testified that his responsibilities as a detective in the electronics

squad included the installation and maintenance of surveillance equipment and that he had climbed the telephone pole he fell from in order to repair a court-ordered wire tap. Although petitioner maintains that an inconsistency in the positioning of a peg—akin to a rung on a ladder—on the pole led to his fall during his descent, we note that the Hearing Officer found that petitioner was aware of the inconsistency. Because petitioner had used the same peg in climbing up the pole, the inconsistency cannot be said to have been unexpected while climbing down. Inasmuch as he further testified that he had climbed "hundreds" of similar poles during the course of his employment, "the incident in question emanated from a risk inherent in his regular job duties" (*Matter of Pappalardo v Hevesi*, 34 AD3d 1021, 1022 [2006]). The Comptroller's determination that this incident was not an accident within the meaning of the Retirement and Social Security Law is, thus, supported by substantial evidence and we decline to disturb it.

Mercure, J.P., Peters, Spain and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.