■ In the Matter of Suzanne Sinclair, Petitioner, v New York State and Local Retirement System, Respondent. [838 NYS2d 270]—

Carpinello, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Comptroller which denied petitioner's application for accidental disability retirement benefits.

Petitioner applied for accidental disability retirement benefits claiming that, while working as a cleaner for the Western New York Developmental Disabilities Services Office, she sustained an injury on January 18, 2001 as she "lifted a 5-gallon bucket of water with [her] right hand." After her application was denied on the ground that the incident did not constitute an ac-

cident within the meaning of Retirement and Social Security Law § 63, she requested a hearing and redetermination. At the ensuing hearing, petitioner stated for the first time that, on the day of the incident, she was moving a cart carrying buckets of water toward a sink when the cart "caught on something" and stopped suddenly just as she was attempting to lift one of the buckets from it. After the Hearing Officer denied the application, the Comptroller upheld the Hearing Officer's determination and petitioner commenced this CPLR article 78 proceeding.

"[A]n injury which occurs without an unexpected event as the result of activity undertaken in the performance of ordinary employment duties, considered in view of the particular employment in question, is not an accidental injury" (*Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II*, 57 NY2d 1010, 1012 [1982]; *see Matter of Santorsola v McCall*, 302 AD2d 727, 728 [2003]). The burden of proving that an injury was accidental lies with petitioner (*see Matter of Forlano v McCall*, 304 AD2d 970, 971 [2003]), and the administrative determination as to the cause of an injury will be upheld by this Court if it is supported by substantial evidence (*see id.*).

Here, substantial evidence supports the determination that petitioner injured herself while lifting or emptying a bucket and that such injury was a risk inherent in her regular job duties (*see Matter of Engber v New York State Comptroller*, 39 AD3d 1133, 1134 [2007]). Petitioner's allegation that her injury was precipitated by the cart's sudden stop was rejected by the Hearing Officer as "unconvincing." Any inconsistency between what was documented in earlier written reports concerning the cause of her injury and petitioner's testimony presented a credibility question for the Hearing Officer to resolve (*see Matter of Pappalardo v Hevesi*, 34 AD3d 1021, 1022 [2006]; *Matter of Callanan v McCall*, 301 AD2d 780, 781 [2003]; *cf. Matter of Lawrence v McCall*, 305 AD2d 960, 961-962 [2003]). Inasmuch as the incident was not an accident within the meaning of Retirement and Social Security Law § 63, the determination is supported by substantial evidence and we decline to disturb it.

Mercure, J.P., Rose, Lahtinen and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.