█ In the Matter of GREGORY V. FISCHER, Petitioner, v NEW YORK STATE COMPTROLLER et al., Respondents. [846 NYS2d 482]—

Cardona, P.J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for accidental disability retirement benefits.

Petitioner, a police lieutenant employed by the City of Newburgh Police Department in Orange County, allegedly sustained disabling injuries to his back after he fell on uneven pavement while searching for a prowler at night in an unlit backyard overgrown with vegetation. Petitioner's application for accidental disability retirement benefits was denied on the ground that the incident causing his injuries was not an accident within the meaning of Retirement and Social Security Law § 363. This CPLR article 78 proceeding ensued.

It is well settled that " 'an injury that occurs without an unexpected event, as the result of activity undertaken in the performance of ordinary employment duties (considered in view of the particular employment in question) is not an accidental injury' " (Matter of Pryor v Hevesi, 14 AD3d 776, 776 [2005], quoting Matter of Cadiz v McCall, 236 AD2d 766, 766 [1997]). At the time of his injury, petitioner was engaged in ordinary police work in searching for a prowler. In performing such work, exposure to various conditions, including uneven pavement, is an inherent risk that would ordinarily be anticipated (see Matter of McCabe v Hevesi, 38 AD3d 1035, 1036 [2007]; Matter of Coon v New York State Comptroller, 30 AD3d 884, 885 [2006], lv denied 7 NY3d 717 [2006]; Matter of Penkalski v McCall, 292 AD2d 735, 736 [2002]). Although petitioner contends that, as a lieutenant, his duties were supervisory in nature and at the time of the injury he was acting beyond the scope of his usual duties, the record establishes that assisting on emergency calls to investigate prowlers is within the ordinary duties and responsibilities of a City of Newburgh police lieutenant. Inasmuch as substantial evidence supports the determination, it will not be disturbed.

Mercure, Crew III, Mugglin and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.