■ In the Matter of MARK FRANKS, Petitioner, v NEW YORK STATE AND LOCAL RETIREMENT SYSTEM et al., Respondents. [849 NYS2d 714]—

Kavanagh, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for accidental disability retirement benefits.

On February 11, 1999, petitioner, a police officer employed by the City of Yonkers in Westchester County, responded to an alarm regarding an armed robbery. Looking for the suspect, petitioner and his partner went to an abandoned motel which was in the process of being demolished. Approaching the motel, petitioner walked up the sidewalk, a portion of which was damaged pavement and curbing. He stepped over the curb, into a depression, and sustained an injury to his knee. Petitioner applied for accidental disability retirement benefits in October 2004, but his request was denied. Upon petitioner's request for a redetermination, a hearing was held and the Hearing Officer ultimately concluded that the incident giving rise to petitioner's injury was not an accident within the meaning of Retirement and Social Security Law § 363 and denied petitioner's application. Respondent Comptroller agreed with this determination, prompting petitioner to commence this proceeding.

"[A]n injury which occurs without an unexpected event as

the result of activity undertaken in the performance of ordinary employment duties, considered in view of the particular employment in question, is not an accidental injury" (*Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II*, 57 NY2d 1010, 1012 [1982]; *see Matter of Sinclair v New York State & Local Retirement Sys.*, 42 AD3d 595, 596 [2007]; *Matter of Engber v New York State Comptroller*, 39 AD3d 1133, 1133 [2007]; *Matter of Forlano v McCall*, 304 AD2d 970, 971 [2003]). The petitioner bears the burden of proving that an injury was accidental and the Comptroller's determination in this regard will be upheld if supported by substantial evidence (*see Matter of Sinclair v New York State & Local Retirement Sys.*, 42 AD3d at 596; *Matter of Forlano v McCall*, 304 AD2d at 971). Here, petitioner admitted that he was aware that the curb was damaged and, while crossing over it, he stepped into a shallow depression which he had not noticed. Under the circumstances, "the hazard presented was one that petitioner could have reasonably anticipated, even if he did not actually see it until after [sustaining his injury]" (*Matter of Avery v McCall*, 308 AD2d 677, 678 [2003]; *see Matter of Fischer v New York State Comptroller*, 46 AD3d 1006 [2007]; *Matter of Coon v New York State Comptroller*, 30 AD3d 884, 885 [2006], *lv denied* 7 NY3d 717 [2006]; *Matter of Lassen v Hevesi*, 9 AD3d 780, 781 [2004]; *Matter of Madonna v New York State Police & Firemen Retirement Sys.*, 257 AD2d 971, 971 [1999], *lv denied* 93 NY2d 806 [1999]; *Matter of O'Donnell v New York State & Local Retirement Sys.*, 249 AD2d 607, 607 [1998]).

Petitioner's argument that there should be a different result because his search for the armed robbery suspect left him "faced with a dire emergency" is unavailing. Petitioner admitted to taking part in searches for suspects "[m]any times" during his years as a police officer, and his job description—which was entered into evidence at the hearing—is replete with references to acting in response to crimes and in emergency situations (*see Matter of Engber v New York State Comptroller*, 39 AD3d at 1134; *Matter of Pappalardo v Hevesi*, 34 AD3d 1021, 1022 [2006]). Accordingly, " 'the incident in question emanated from a risk inherent in his regular job duties' " (*Matter of Engber v New York State Comptroller*, 39 AD3d at 1134, quoting *Matter of Pappalardo v Hevesi*, 34 AD3d at 1022; *see Matter of Fisher v New York State Comptroller, supra*; *Matter of Coon v New York State Comptroller*, 30 AD3d at 885; *Matter of Penkalski v McCall*, 292 AD2d 735, 736 [2002]) and, since substantial evidence supports the Comptroller's determination, we confirm.

Mercure, J.P., Peters, Rose and Lahtinen, JJ., concur. Adjudged

that the determination is confirmed, without costs, and petition dismissed.