■ In the Matter of ROBERT J. McGERALD, Petitioner, v THOMAS P. DiNAPOLI, as State Comptroller, et al., Respondents. [857 NYS2d 813]——

Malone Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for accidental disability retirement benefits.

Petitioner, a police officer for the Suffolk County Police Department, applied for accidental disability retirement benefits after allegedly sustaining disabling injuries to his back due to three separate incidents occurring on February 2, 1990, March 29, 1998 and March 30, 1998. On February 2, 1990, petitioner

was injured when he slipped and fell on wet grass while carrying athletic equipment. On March 29, 1998, he was injured while helping to move bleachers during a police-sponsored softball tournament. Finally, on March 30, 1998, he was injured when he slipped on the stairs at police headquarters. Following a hearing, petitioner's application with regard to the February 2, 1990 and March 30, 1998 incidents was denied on the ground that they did not constitute accidents within the meaning of Retirement and Social Security Law § 363. As for the March 29, 1998 incident, respondent Comptroller concluded that petitioner failed to file timely notice pursuant to Retirement and Social Security Law § 363 (c). This CPLR article 78 proceeding ensued.

It is well settled that "an injury which occurs without an unexpected event as the result of activity undertaken in the performance of ordinary employment duties, considered in view of the particular employment in question, is not an accidental injury" (*Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II*, 57 NY2d 1010, 1012 [1982]; *accord Matter of Franks v New York State & Local Retirement Sys.*, 47 AD3d 1115, 1115-1116 [2008]). At the time he fell on February 2, 1990, petitioner was carrying athletic equipment across a wet grassy area in the course of his usual assigned duties. Inasmuch as exposure to wet grass is an inherent risk that would ordinarily be anticipated in the context of performing such duties, the Comptroller's determination that his injuries were not the result of an accident is supported by substantial evidence (*see Matter of Fischer v New York State Comptroller*, 46 AD3d 1006, 1006 [2007]; *Matter of Mirrer v Hevesi*, 4 AD3d 722, 723 [2004]; *Matter of Penkalski v McCall*, 292 AD2d 735, 736 [2002]). Similarly, there is substantial evidence supporting the Comptroller's conclusion that the March 30, 1998 mishap in which petitioner slipped on the stairs at police headquarters, which he frequently used and does not claim were obstructed or defective at the time he slipped, was caused by his own misstep while performing routine employment duties and was not the result of an unexpected event (*see Matter of Mruczek v McCall*, 299 AD2d 638, 639 [2002]; *Matter of Michalczyk v New York State & Local Retirement Sys.*, 286 AD2d 852, 853 [2001]).

With regard to the March 29, 1998 incident for which the Comptroller found lack of timely notice, petitioner contends that the Hearing Officer erred in failing to admit into evidence a May 5, 1998 internal memo allegedly showing that he provided his employer with timely notification of his injury. However, by not providing notice of the accident to the Comptroller,

petitioner was required to provide written notice of the accident to his employer within 30 days (*see* Retirement and Social Security Law § 363 [c]; Workers' Compensation Law § 18). As the offered internal memo is not proof that written notice was provided to the employer within the requisite time period, the Hearing Officer's refusal to admit it was not an abuse of discretion (*see Matter of Flynn v Hevesi*, 308 AD2d 674, 676 [2003], *lv denied* 1 NY3d 504 [2003]).

Spain, J.P., Lahtinen, Kane and Stein, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.