■ In the Matter of ROBERT MELENDEZ, Petitioner, v NEW YORK STATE COMPTROLLER et al., Respondents. [863 NYS2d 844]—

Peters, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for accidental disability retirement benefits.

Petitioner, a police officer employed by the Village of Freeport Police Department in Nassau County, was injured in February 2004 after tripping over a snowbank while chasing two suspects. In October 2004, petitioner was also injured while pursuing two individuals when he fell while scaling a fence. Petitioner had climbed to the top of the fence and, as he tried to jump to the ground, his foot allegedly hit the top of an unseen second fence built adjacent to the fence he had climbed, causing him to fall onto a concrete patio. Petitioner sustained two broken elbows and injured his neck. His subsequent application for accidental disability retirement benefits was denied on the ground that the two incidents which caused his injuries were not accidents within the meaning of Retirement and Social Security Law § 363. Following a hearing and redetermination, a Hearing Officer denied the application on the same ground and respondent Comptroller subsequently adopted that decision, prompting this CPLR article 78 proceeding.

We confirm. Petitioner must prove that an injury was accidental and the Comptroller's determination with regard to this issue will be upheld if supported by substantial evidence (*see Matter of Sinclair v New York State & Local Retirement Sys.*, 42 AD3d 595, 596 [2007]). "[A]n injury that occurs without an unexpected event, as the result of activity undertaken in the performance of ordinary employment duties (considered in view of the particular employment in question) is not an accidental injury" (*Matter of Cadiz v McCall*, 236 AD2d 766, 766 [1997]; *accord Matter of Fischer v New York State Comptroller*, 46 AD3d 1006, 1006 [2007]; *Matter of Engber v New York State Comptroller*, 39 AD3d 1133, 1133 [2007]). Clearly, pursuit of suspects is an ordinary employment duty of a police officer (*see Matter of Franks v New York State & Local Retirement Sys.*, 47 AD3d 1115, 1116 [2008]; *Matter of Fischer v New York State Comptroller*, 46 AD3d at 1006; *Matter of Penkalski v McCall*, 292 AD2d 735, 736 [2002]). Moreover, petitioner testified that such pursuits often involved him having to climb fences. Inasmuch as petitioner's tripping over a snowbank and falling from a fence while chasing suspects are inherent risks of his employment and not the result of unexpected events, even without see-

ing the actual hazard that caused him to fall (*see Matter of Franks v New York State & Local Retirement Sys.*, 47 AD3d at 1116; *Matter of Coon v New York State Comptroller*, 30 AD3d 884, 885 [2006], *lv denied* 7 NY3d 717 [2006]; *Matter of Lassen v Hevesi*, 9 AD3d 780, 781 [2004]; *Matter of Lucian v McCall*, 7 AD3d 905, 906 [2004]), the Comptroller's decision is supported by substantial evidence and will not be disturbed.

Mercure, J.P., Rose, Lahtinen and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.