■ In the Matter of DARREN QUINN, Petitioner, v NEW YORK STATE COMPTROLLER et al., Respondents. [866 NYS2d 418]—

Lahtinen, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for accidental disability retirement benefits.

Petitioner, a court security officer, allegedly injured his knee, neck and back while running up stairs at the Brooklyn Family Court in response to a reported emergency. As he was ascending the stairs, he encountered two or three court officers running down the stairs. To avoid a collision, he jumped to his right, but landed awkwardly. Later that day, he experienced knee, neck and back problems, which he states resulted in a permanent disability. His application for accidental disability retirement benefits was initially denied, resulting in a hearing. The Hearing Officer concluded that the incident was not an accident within the meaning of Retirement and Social Security Law § 605-a and, thus, denied petitioner's application. Respondent Comptroller adopted the decision of the Hearing Officer and this proceeding by petitioner ensued.

The Comptroller's determination will be upheld if supported by substantial evidence (*see Matter of Lassen v Hevesi*, 9 AD3d 780, 781 [2004]; *Matter of Rutledge v New York State & Local Employees' Retirement Sys.*, 302 AD2d 731, 732 [2003]). In the context of accidental disability retirement, the term accident means a " 'sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact' " (*Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II*, 57 NY2d 1010, 1012 [1982], quoting *Arthur A. Johnson Corp. v Indemnity Ins. Co. of N. Am.*, 6 AD2d 97, 100 [1958], *affd* 7 NY2d 222 [1959]). "[A]n injury will not be considered accidental when it emanates from activities undertaken in the performance of regular job duties" (*Matter of McCabe v Hevesi*, 38 AD3d 1035, 1036 [2007]). There must be " 'a precipitating accidental event . . . which was not a risk of the work performed' " (*Matter of Starnella v Bratton*, 92 NY2d 836, 839 [1998], quoting *Matter of McCambridge v McGuire*, 62 NY2d 563, 568 [1984]; *see Matter of Stimpson v Hevesi*, 38 AD3d 979, 980 [2007]).

Here, running to another area of the courthouse and using the stairs to reach another floor were part of petitioner's job as a court security officer. Encountering other officers hurrying in response to the reported emergency was not unexpected. Nor

was it outside the reasonable expectations of the job that, in the context of an emergency situation, there would be some initial confusion as to the floor where the emergency was occurring, resulting in officers ascending and descending the same stairway. Indeed, petitioner was aware, prior to the incident in the stairway, that one call over the radio had inaccurately reported the floor to which officers were being summoned. We are unpersuaded by petitioner's assertion that the Comptroller's determination was not supported by substantial evidence (*see Matter of Pappalardo v Hevesi*, 34 AD3d 1021, 1021-1022 [2006]; *Matter of Felix v New York State Comptroller*, 28 AD3d 993, 994 [2006]; *Matter of Santorsola v McCall*, 302 AD2d 727, 728 [2003]).

Mercure, J.P., Peters, Rose and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.