Spain, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner’s application for accidental disability retirement benefits.
Petitioner, a police officer in the Town of Hempstead, Nassau County, sustained a right hand injury on two separate occasions, in December 2002 and April 2003. During the December 2002 incident, petitioner was in the process of apprehending a suspect who had alighted from a car that had been reported stolen. In April 2003, petitioner was again apprehending a suspect, wanted on a person in need of supervision petition, when he grabbed her as she leapt out of a window and the two fell to the ground amid construction debris. Petitioner applied for accidental disability benefits in September 2004, but his request was denied. After petitioner requested a redetermination, a Hearing Officer ultimately concluded that petitioner’s injuries were not the result of accidents within the meaning of Retirement and Social Security Law § 363 and denied the application. Respondent Comptroller adopted the Hearing Officer’s findings, prompting petitioner to commence this CPLR article 78 proceeding.
A petitioner bears the burden of proving entitlement to benefits under Retirement and Social Security Law § 363 and the Comptroller’s decision will be upheld if supported by substantial evidence (see Matter of Brennan v New York State & Local Empls. Retirement Sys., 50 AD3d 1374, 1375 [2008]; Matter of Sweeney v Hevesi, 50 AD3d 1366, 1366 [2008]; Matter of Franks v New York State & Local Retirement Sys., 47 AD3d 1115, 1116 [2008]). The report from petitioner’s December 2002 incident stated that his injury occurred as he fell to the ground attempting to gain control over a suspect who was resisting arrest. Similarly, the report from his April 2003 incident stated that petitioner fractured his hand as a result of the suspect’s resistance. Petitioner testified during the hearing that both reports were prepared on his behalf from information that he had supplied, and notably absent from both reports was any reference to petitioner slipping on ice during the first incident, or slipping on aluminum siding during the second incident, explanations which he proffered at the hearing. Inasmuch as petitioner’s job duties included “making arrests, by forceful means if necessary,” we find that the Comptroller’s determina-
*936 tion that petitioner’s injuries were not the result of an accident was supported by substantial evidence (see Matter of Quigley v Hevesi, 48 AD3d 1023, 1024 [2008]). Nor do we find the decision to credit the reports over petitioner’s testimony to be error, inasmuch as such inconsistency presented a credibility issue to be resolved by the Comptroller (see Matter of Zuckerberg v New York State Comptroller, 46 AD3d 1057, 1058 [2007], lv denied 10 NY3d 712 [2008]; Matter of Pappalardo v Hevesi, 34 AD3d 1021, 1022 [2006]).
Mercure, J.E, Carpinello, Kane and Kavanagh, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.