Kavanagh, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner’s application for accidental disability retirement benefits.
Petitioner was a police officer employed by the Port Authority of New York and New Jersey, assigned to the emergency services unit at John F. Kennedy International Airport. In June 2003, petitioner injured his knee when, while helping to set up a training exercise in a garage, he stepped backwards and caught his foot in a sewer grate. Petitioner applied for accidental disability retirement benefits, which was denied on the ground that the incident which caused his injury was not an accident within the meaning of Retirement and Social Security Law § 363. Following a request for a redetermination, a hearing was held and the Hearing Officer ultimately denied the application on the same ground and respondent Comptroller subsequently *938 adopted that decision, prompting this CPLR article 78 proceeding.
We confirm. To be considered an accident within the meaning of Retirement and Social Security Law § 363, the precipitating cause of the injury must be “a ‘sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact’ ” (Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II, 57 NY2d 1010, 1012 [1982], quoting Arthur A. Johnson Corp. v Indemnity Ins. Co. of N. Am., 6 AD2d 97, 100 [1958], affd 7 NY2d 222 [1959]; accord Matter of Stimpson v Hevesi, 38 AD3d 979, 980 [2007]). Therefore, “an injury which occurs without an unexpected event as the result of activity undertaken in the performance of ordinary employment duties, considered in view of the particular employment in question, is not an accidental injury” (Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II, 57 NY2d at 1012; accord Matter of McGerald v DiNapoli, 51 AD3d 1328, 1329 [2008]). Petitioner bears the burden of proving that his injury was accidental and the Comptroller’s determination in that regard will be upheld if supported by substantial evidence (see Matter of Brennan v New York State & Local Empls. Retirement Sys., 50 AD3d 1374, 1375 [2008]).
Here, petitioner testified that he was aware on the day of his injury that there was a sewer grate located on the garage floor where he was stepping, but that the grate had been covered with a piece of plywood for several years. Petitioner stated that he had not checked behind him prior to stepping backwards and he was unaware that the plywood had been removed and that the grate was uncovered. Insofar as the injury occurred during the performance of petitioner’s ordinary duties and “the hazard presented was one that petitioner could have reasonably anticipated, even if he did not actually see it until after [sustaining his injury]” (Matter of Avery v McCall, 308 AD2d 677, 678 [2003]; accord Matter of Franks v New York State & Local Retirement Sys., 47 AD3d 1115, 1116 [2008]; see Matter of Fischer v New York State Comptroller, 46 AD3d 1006, 1006 [2007]; Matter of Coon v New York State Comptroller, 30 AD3d 884, 885 [2006], lv denied 7 NY3d 717 [2006]), the Comptroller’s determination is supported by substantial evidence and we will not disturb it.
Peters, J.P, Rose, Lahtinen and Stein, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.