■ In the Matter of RICHARD BENEDETTO, Petitioner, v THOMAS P. DINAPOLI, as Comptroller of the State of New York, et al., Respondents. [902 NYS2d 681]—

Lahtinen, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for accidental disability retirement benefits.

Petitioner, a correction officer, injured his back after falling on stairs in the correctional facility in January 2004. He has not returned to work since the incident and, in 2005, petitioner ap-

plied for accidental disability retirement benefits. Following the initial disapproval of his application, petitioner requested a redetermination and a hearing was held. The Hearing Officer concluded that the incident did not constitute an accident within the meaning of the Retirement and Social Security Law and denied petitioner's application. After respondent Comptroller adopted the Hearing Officer's findings, petitioner commenced this CPLR article 78 proceeding challenging the determination.

We confirm. "The petitioner bears the burden of proving that an injury was accidental and the Comptroller's determination in this regard will be upheld if supported by substantial evidence" (*Matter of Franks v New York State & Local Retirement Sys.*, 47 AD3d 1115, 1116 [2008] [citations omitted]). Here, a report prepared immediately following the incident indicates that petitioner lost his footing and slipped while walking down stairs leading to the facility's basement. On his application for accidental disability retirement benefits, petitioner stated that the incident occurred as he was escorting an inmate into the basement and that the stairs were covered with ice. At the hearing, petitioner testified that there was "a sheet of ice on the step" where he fell.

While we agree with petitioner's assertion that his subsequent statements regarding the existence of ice on the stairs were not necessarily inconsistent with the initial incident report (*see generally Matter of Lawrence v McCall*, 305 AD2d 960, 962 [2003]), the fact remains that the Comptroller is vested with the authority to assess witness credibility and it was within his discretion to find that petitioner's latter accounts of the events were not credible (*see Matter of Forlano v McCall*, 304 AD2d 970, 971 [2003]; *Matter of Mruczek v McCall*, 299 AD2d 638, 639 [2002]). Notably, petitioner testified that the inmate—whom petitioner could not identify and did not call as a witness—had no difficulty traveling either down or up the stairs, that they were located inside of the prison and that he did not know how the ice allegedly formed on them. Accordingly, as petitioner's job duties included supervising the movement of inmates, and on the date of the incident specifically entailed escorting the inmate into the basement, we conclude that substantial evidence supports the Comptroller's determination that petitioner's injury was the result of a misstep occurring in the ordinary course of his employment as opposed to a sudden and extraordinary event unrelated to that employment (*see Matter of Napoli v DiNapoli*, 68 AD3d 1616, 1616-1617 [2009]; *Matter of Hughes v Hevesi*, 56 AD3d 934, 935-936 [2008], *lv denied* 12 NY3d 711 [2009]; *Matter of Sinclair v New York State & Local Retirement Sys.*, 42 AD3d 595, 596 [2007]).

Mercure, J.P., Spain, Malone Jr. and Kavanagh, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.