■ In the Matter of DIANE WEST, Petitioner, v THOMAS P. DINAPOLI, as Comptroller of the State of New York, Respondent. [914 NYS2d 358]—

Kavanagh, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

Petitioner, a police officer, applied for accidental disability retirement benefits arising out of injuries that she sustained while responding to a burglar alarm in 2006. Following the initial disapproval of her application, petitioner requested a redetermination and a hearing was held. Citing discrepancies between reports in evidence and petitioner's testimony, the Hearing Officer concluded that petitioner did not prove that her injuries were the result of an accident within the meaning of the Retirement and Social Security Law and denied her application. After respondent accepted the Hearing Officer's findings of fact and conclusions of law, petitioner commenced this CPLR proceeding challenging the determination.

We confirm. Petitioner bore the burden of proving that her injuries were caused by "a sudden and extraordinary event that is unrelated to the ordinary risks of [her] employment" (*Matter of Santorsola v McCall*, 302 AD2d 727, 728 [2003]; *see Matter of Benedetto v DiNapoli*, 73 AD3d 1380, 1381 [2010], *lv denied* 15 NY3d 707 [2010]), and respondent's determination in this regard will be upheld if it is supported by substantial evidence (*see Matter of Sorrentino v DiNapoli*, 74 AD3d 1694, 1695

[2010]). Moreover, respondent is empowered to decide issues of credibility and evaluate any apparent inconsistency between relevant written documents and an applicant's sworn testimony (*see Matter of Hamilton v Hevesi*, 28 AD3d 965, 966 [2006]; *Matter of Callanan v McCall*, 301 AD2d 780, 781 [2003]).

Here, petitioner testified that she injured both of her knees after falling on hard dirt and gravel when her boot adhered to a sticky substance while she was descending stairs at the scene of a possible burglary. In contrast, a report completed on the day of the incident states that petitioner injured her left knee on a concrete pad when she tripped on stairs—there is no mention of a sticky substance. In her application for benefits, meanwhile, petitioner wrote that her injuries were the result of a "fall on slippery plastic deck." An explanation attached to the application indicates that petitioner "sustained injuries in a fall down a flight of stairs on a plastic deck when her foot got stuck on a step falling forward onto her knees." With respect to these varying accounts, we defer to respondent's credibility determinations (*see Matter of McCabe v Hevesi*, 38 AD3d 1035, 1036 [2007]).

Petitioner also testified that she was in no rush when the incident occurred shortly after noon on a well-lit day. Given this testimony, considered in conjunction with the fact that petitioner's responsibilities included responding to—and taking appropriate action at—crime scenes, the record contains substantial evidence upon which respondent could conclude that petitioner's injuries stemmed from her own misstep or inattention while she was engaged in the performance of her ordinary employment duties (*see Matter of Napoli v DiNapoli*, 68 AD3d 1616, 1616-1617 [2009]; *Matter of Pappalardo v Hevesi*, 34 AD3d 1021, 1021-1022 [2006]). Accordingly, we decline to disturb respondent's decision.

Cardona, P.J., Spain, McCarthy and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.