◼ In the Matter of ROBERT W. PURCELL, Petitioner, v THOMAS P. DiNAPOLI, as State Comptroller, et al., Respondents. [917 NYS2d 347]—

Stein, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for accidental disability retirement benefits.

Petitioner, a firefighter, filed an application for accidental disability retirement benefits in December 2002 contending that he was disabled as the result of incidents occurring in March 1984 and June 1997.* That application was denied upon the ground that those incidents did not constitute accidents within

---

* Petitioner also filed an application for performance of duty disability retirement benefits, which was approved in November 2004, based upon the 1984 incident.

the meaning of Retirement and Social Security Law § 363. At the hearing that followed, petitioner withdrew his application as to the 1997 incident and successfully sought to amend his application to include an incident that occurred in January 1975. The Hearing Officer thereafter denied petitioner's application, finding that the 1975 and 1984 incidents did not constitute accidents, and respondent Comptroller adopted that decision. Petitioner thereafter commenced this CPLR article 78 proceeding seeking to annul the Comptroller's determination.

We confirm. Petitioner bore the burden of demonstrating his entitlement to accidental disability retirement benefits, and the Comptroller's determination in this regard, if supported by substantial evidence in the record as a whole, will be upheld (see Matter of Magliato v DiNapoli, 78 AD3d 1457, 1458 [2010]; Matter of Stymiloski v DiNapoli, 64 AD3d 865, 866 [2009]). To that end, "[t]he case law makes clear that an incident does not qualify as an accident justifying the award of accidental disability retirement benefits where the injury results from an expected or foreseeable event arising during the performance of routine employment duties" (Matter of Campbell v DiNapoli, 56 AD3d 940, 941 [2008] [internal quotation marks and citations omitted]; see Matter of Baron v DiNapoli, 57 AD3d 1202, 1203 [2008]; Matter of Coon v New York State Comptroller, 30 AD3d 884, 885 [2006], lv denied 7 NY3d 717 [2006]).

Here, both the 1975 and 1984 incidents involved petitioner stepping through a hole in a floor while responding to a structure fire. As to the 1975 incident, petitioner testified that he was instructed to remove a smoldering mattress from the attic of the structure, during the course of which he "went through [a] hole in the floor that was burned through by the mattress." Petitioner was injured in a similar fashion during the 1984 incident when, while searching for victims and ventilating the burning structure, he again fell through a hole in the floor. Although petitioner testified at the hearing that he did not know what caused this hole, the personal injury report that he filed in conjunction with the 1984 incident reads, "While making search on 2nd floor—I fell in a hole which had been burned through." Accordingly, substantial evidence supports the Comptroller's determination that "petitioner's injuries were the result of an ordinary misstep and a risk inherent in the duties of a firefighter and did not constitute an accident within the meaning of the Retirement and Social Security Law" (Matter of O'Donnell v New York State & Local Retirement Sys., 249 AD2d 607, 607 [1998]; see Matter of Pryor v Hevesi, 14 AD3d 776, 777 [2005]; Matter of Slagle v McCall, 293 AD2d 923, 924

[2002]; *cf. Matter of Melendez v New York State Comptroller*, 54 AD3d 1128, 1129-1130 [2008], *lv denied* 12 NY3d 706 [2009]; *Matter of Santorsola v McCall*, 302 AD2d 727, 728 [2003])— even though petitioner did not see the offending holes until he fell through them (*see Matter of Franks v New York State & Local Retirement Sys.*, 47 AD3d 1115, 1116 [2008]; *Matter of Lassen v Hevesi*, 9 AD3d 780, 781 [2004]).

Cardona, P.J., Mercure, Spain and Malone Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.