Rose, J.
Froceeding pursuant to CFLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner’s application for accidental disability retirement benefits.
While on duty as a police officer, petitioner received a call of a larceny in progress at a local department store. He responded to the scene where he observed the suspect fleeing on a bicycle and then on foot. Fetitioner left his vehicle and began chasing the suspect through a wooded area. When he observed the suspect jump over a ravine, he decided not to attempt to cross it for safety reasons. Instead, he stood within a foot of the edge of the ravine and made a radio call to report that the suspect was *1184 escaping. The edge of the ravine then collapsed and petitioner fell into the ravine, sustaining injuries. Petitioner filed an application for accidental disability retirement benefits, but it was denied on the ground that the incident did not constitute an accident within the meaning of the Retirement and Social Security Law.* Following a hearing, the Hearing Officer denied petitioner’s application for the same reason. This decision was upheld by respondent, resulting in this CPLR article 78 proceeding.
Initially, it is well settled that the burden is upon petitioner to demonstrate that his injury was the result of an accident (see Matter of Lenci v DiNapoli, 92 AD3d 1078, 1079 [2012]; Matter of Murphy v New York State Comptroller, 92 AD3d 1022, 1022 [2012]). For purposes of the Retirement and Social Security Law, the accident must be “ ‘a sudden, fortuitous, out of the ordinary and unexpected event that does not result from an activity undertaken in the performance of regular or routine employment duties’ ” (Matter of Welsh v New York State Comptroller, 67 AD3d 1167, 1168 [2009],lv denied 14 NY3d 706 [2010], quoting Matter of Dzwielewski v McCall, 277 AD2d 622, 622 [2000]; see Matter of Neidecker v DiNapoli, 82 AD3d 1483, 1483-1484 [2011]). Notably, respondent’s determination in this regard will be upheld if supported by substantial evidence (see Matter of Sweeney v New York State Comptroller, 86 AD3d 893, 893 [2011]).
Here, petitioner was performing his regular police duties chasing a suspect within his authorized patrol area at the time he was injured. As we have recognized, the “pursuit of suspects is an ordinary employment duty of a police officer” (Matter of Melendez v New York State Comptroller, 54 AD3d 1128, 1129 [2008], lv denied 12 NY3d 706 [2009]). Petitioner’s pursuit took him through a wooded area to the edge of a ravine where he stopped because he recognized the danger of falling into it. Nevertheless, he stood too close to the edge, the edge gave way under his weight and he fell into the ravine in a manner that he reasonably could have anticipated (see e.g. Matter of Sweeney v New York State Comptroller, supra; Matter of Neidecker v DiNapoli, supra; Matter of Melendez v New York State Comptroller, supra; Matter of Franks v New York State & Local Retirement Sys., 47 AD3d 1115, 1116 [2008]; Matter of Fischer v New York State Comptroller, 46 AD3d 1006, 1006 [2007]; Matter of Penkalski v McCall, 292 AD2d 735, 736 [2002]). Therefore, we *1185 conclude that substantial evidence supports respondent’s determination and we decline to disturb it. Petitioner’s remaining contentions have been considered and are unavailing.
Mercure, J.P, Lahtinen and Garry, JJ., concur.
Adjudged that the determination is confirmed, without costs, and petition dismissed.

 Petitioner’s application included another incident that occurred on December 10, 2002, but petitioner has since withdrawn his claim for benefits based upon this incident.