# State of New York
## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  October 6, 2016                522239
_____

In the Matter of TERRY E. RYAN,
                    Petitioner,

        v                                    MEMORANDUM AND JUDGMENT

THOMAS P. DiNAPOLI, as State
    Comptroller, et al.,
                    Respondents.
_____

Calendar Date:   September 16, 2016

Before:  Peters, P.J., McCarthy, Garry, Clark and Aarons, JJ.

_____

        Kevin P. Sheerin, Mineola, for petitioner.

        Eric T. Schneiderman, Attorney General, New York City
(William E. Storrs of counsel), for respondents.

_____

Garry, J.

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent Comptroller denying
petitioner's application for enhanced disability retirement
benefits.

        Petitioner was employed as a highway maintenance worker for
the New York State Department of Transportation.  He sustained
injuries in July 2007, March 2010 and July 2011 while performing
his job duties.  He filed an application for enhanced disability
retirement benefits under Retirement and Social Security Law
article 15 based on these three incidents.  His application was
initially denied on the ground that none of these incidents were
accidents within the meaning of Retirement and Social Security

Law § 605.[1]  Following a hearing, a Hearing Officer ruled, among
other things, that the July 2011 incident did constitute an
accident and remanded the matter to respondent New York State and
Local Employees' Retirement System for further action on
petitioner's application.  Respondent Comptroller, however,
overruled the Hearing Officer's decision, found that none of the
incidents qualified as accidents and denied petitioner's
application.  This CPLR article 78 proceeding ensued.

Initially, for purposes of the Retirement and Social
Security Law, an accident has been defined as a "'sudden,
fortuitous mischance, unexpected, out of the ordinary, and
injurious in impact'" (Matter of Lichtenstein v Board of Trustees
of Police Pension Fund of Police Dept. of City of N.Y., Art. II,
57 NY2d 1010, 1012 [1982], quoting Arthur A. Johnson Corp. v
Indemnity Ins. Co. of N. Am., 6 AD2d 97, 100 [1958], affd 7 NY2d
222 [1959]; see Matter of Mace v DiNapoli, 137 AD3d 1448, 1449
[2016]).  Notably, injuries sustained while performing activities
that are a regular and routine part of one's job duties have not
been considered accidental (see Matter of Witts v DiNapoli, 137
AD3d 1456, 1457 [2016]; Matter of Boncimino v New York State
Comptroller, 125 AD3d 1089, 1090 [2015]) nor have injuries
arising from risks that are an inherent aspect of a particular
job (see Matter of Fulton v New York State Comptroller, 122 AD3d
983, 983-984 [2014], lv denied 24 NY3d 915 [2015]; Matter of
Forlano v McCall, 304 AD2d 970, 971 [2003]).  Ultimately, the
burden is on the party seeking benefits to demonstrate that the
injury-producing event was an accident (see Matter of Schoales v
DiNapoli, 132 AD3d 1184, 1185 [2015]; Matter of Begley v
DiNapoli, 132 AD3d 1050, 1051 [2015]), and the Comptroller's
determination in this regard will be upheld if supported by
substantial evidence (see Matter of Mace v DiNapoli, 137 AD3d at
1449; Matter of Beckley v Nitido, 123 AD3d 1330, 1331 [2014]).

At the time of the July 2007 incident, petitioner was
driving a truck in the yard to retrieve his tools.  When he

_____

[1]  Enhanced benefits are authorized by 2 NYCRR part 368 and
the Older Workers' Benefit Protection Act (see 29 USC § 621-634
[1990]; Pub L 101-433, 104 US Stat 978).

stepped out of the truck cab, he stepped into a pot hole and fell, injuring his ankle.  Although he stated that he did not see the pothole before he fell, he acknowledged that there were numerous potholes in the yard.  At the time of the March 2010 incident, petitioner and a coworker were carrying a ladder toward a hopper that was to be attached to a truck to salt the roads. It was raining outside and, when the coworker lost his grip on the ladder, the momentum caused petitioner to strike his left hand on the truck and injure his left wrist.  Finally, at the time of the July 2011 incident, petitioner was working with a crane operator fixing a guardrail.  When the guardrail was being hoisted overhead, petitioner stood up from the ground and struck his head, injuring his neck.

Each of the incidents in question occurred while petitioner was performing his regular and routine job duties.  As for the July 2007 incident, petitioner could have reasonably anticipated the pothole given the condition of the rest of the yard (see e.g. Matter of Yurko v DiNapoli, 122 AD3d 1047, 1048 [2014]). Likewise, considering that it was raining at the time of the March 2010 incident, he could also have reasonably anticipated that his coworker might lose his grip on the wet ladder, causing him to become unbalanced and to sustain injury (see e.g. Matter of Lamb v DiNapoli, 139 AD3d 1312, 1313-1314 [2016]; Matter of Schoales v DiNapoli, 132 AD3d at 1186).  Lastly, although petitioner was evidently unaware of the suspended guardrail at the time of the July 2011 incident, we cannot find that its presence could not have been anticipated and, thus, striking it was an inherent risk of the type of work being performed (see e.g. Matter of Forlano v McCall, 304 AD2d at 971; Matter of Kordes v McCall, 293 AD2d 960, 961 [2002]).  In view of the foregoing, we find that substantial evidence supports the Comptroller's determination.

Peters, P.J., McCarthy, Clark and Aarons, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.


ENTER:

Robert D. Mayberger
Clerk of the Court